**In the Matter of KELLER & KATKOWSKY, P.C., f/k/a Keller, Katkowsky & Golden, P.C., Debtor.**

**Bankruptcy No. 83–05140–G.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Nov. 8, 1985.

dressed, in view of the court's ruling.

John P. Timmony, Hertzberg, Jacob & Weingarten, P.C., Detroit, Mich., for debtor.

Mark E. Rizik, Special Asst., U.S. Atty., Detroit, Mich., for U.S.

ORDER GRANTING THE UNITED STATES OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT

RAY REYNOLDS GRAVES, Bankruptcy Judge.

In this contested proceeding the Court is presented with an objection filed by the United States to a second amended disclosure statement. The disclosure statement filed by Keller, Katkowsky & Golden, P.C. (Debtor) classified interest in the amount of $776.26 on a pre-petition priority tax claim on the United States pursuant to 11 U.S.C. § 507(a)(6) as an unsecured general claim. The United States maintains the pre-petition interest should be accorded the same priority status as the tax claim under § 507(a)(6). *In re: Treister,* 52 B.R. 735 (Bkrtcy.N.Y.1985). Having reviewed and considered the objections and oral arguments presented at the October 29, 1985 hearing, the Court finds the objection filed by the United States must be GRANTED.

The court in *In re: Treister* adopted the rule of *In re: Coleman,* 26 B.R. 825 (Bkrtcy.D.Kan.1983) which found that "to the extent the underlying tax claim is accorded priority, so too, is the interest accrued on the claim before the bankruptcy petition was filed." *Treister,* 52 B.R. at

736, citing *In re: Coleman* at 831. The key factor in adopting *Coleman* was the legislative history of 11 U.S.C. § 726. The court noted the Senate version of § 726 provided that the term "claim" included interest. The House deleted the language finding it unnecessary "since a right to payment for the interest due is a right to payment which is within the definition of 'claim' in § 101(4)." 124 Cong.Rec.H. 11098 (Sept. 28, 1978); S. 17 415 (Oct. 6, 1978). See also, S.Rep. No. 95–989, 95th Cong.2d Sess. 97 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5883. Hence, the court found a claim as defined in 11 U.S.C. § 101(4) includes the right of payment as well as the interest accruing thereon.

The deletion of interest from the House version of the provision derives from Congress' treatment of interest in the Tax Code as included in the tax and tax liens. As a general rule, a tax not paid on or before the last date of payment requires payment of interest on the outstanding balance. 26 U.S.C. § 6601(a). The interest is required to be paid upon notice and demand, and assessed, collected, and paid in the same manner as taxes. Any reference in Title 26 to any tax imposed under Title 26 is deemed to refer to interest imposed by the section on such tax. 26 U.S.C. § 6601(e)(1).

In our view, the government is similar to any other creditor. In return for deferring full payment on the debt and it loss of investment opportunity, the government assesses an interest rate to make up for the return it would have made if money was paid in full when due. Just as a debtor has been able to use money belonging to the creditor, the taxpayer by its failure to pay the taxes owed has "had the use of funds which should have been in the possession of the United States." *Manning v. Seeley & Box Co. of New Jersey,* 338 U.S. 561, 70 S.Ct. 386, 389, 94 L.Ed. 346 (1950). The allowance of interest makes clear that Congress intended "the United States to have the use of the money lawfully due when it became due." *Id.* A taxpayer who files a timely return but does

not pay tax, must pay interest on the tax until payment is made. *Id.* Interest is intended to "compensate the government for the delay in payment of the tax," *Owens v. Commissioner of Internal Revenue Service,* 125 F.2d 210 (10th Cir.1942), *cert. denied* 316 U.S. 704, 62 S.Ct. 1308, 86 L.Ed. 1772, *rehearing denied,* 317 U.S. 704, 63 S.Ct. 24, 87 L.Ed. 562 (1942), and begins to accrue from the date the tax is due.

The Tax Code also makes it clear that interest is inherent in the filing of a federal tax lien and is to receive priority treatment. Section 6321 of Title 26 provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessible penalty, together with costs that may accrue in addition thereto) shall be a lien in the favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

"The recorded notice does not give notice that the federal tax lien is limited to *only* the amount stated in the notice; rather it puts any interested person on inquiry to discover the true extent and nature of the incumberance." *Peterson v. United States,* 511 F.Supp. 250, 256 (D.Utah, C.D. 1981). (Emphasis original). The words "interest, penalty, additional amount, or addition to such tax" provide a strong indication of the legislative intent to grant a lien in excess of the actual amount of the tax. *In re: Parchem,* 166 F.Supp. 724, 726 (D.Minn.1958).

Accordingly, we find no injustice to either the debtor or to creditors by requiring payment of interest. We find the rule adopted *In re: Treister* applies to the facts presented here. The pre-petitioned interest of $776.26 is a priority claim under 11 U.S.C. § 507(a)(6) and is to be treated consistent therewith. The objection of the United States to the second amended disclosure statement should be, and hereby is, GRANTED.

IT IS SO ORDERED.