In re Louis George **BARBIER** and Ruth Dean Barbier, Debtors.

**Bankruptcy No. BK–N–86–099.**

United States Bankruptcy Court, D. Nevada.

June 30, 1987.

Geoff Giles, Reno, Nev., for debtor.

Rollin Thorley, I.R.S. Las Vegas, Nev., for I.R.S.

---

**1.** The file indicates that a federal tax lien was filed on April 1, 1986 in the amount of $62,-

## ORDER ALLOWING AND ESTABLISHING CLAIM OF IRS

ROBERT CLIVE JONES, Chief Judge.

Louis George Barbier and Ruth Dean Barbier ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on August 15, 1986. On September 19, 1986 the IRS filed a proof of claim in the amount of $59,364.82, listing pre-petition taxes and the interest on those taxes as an unsecured priority claim. A penalty on those taxes in the amount of $9,821.01 was listed as an unsecured general claim. On October 8, 1986 the IRS filed an amended proof of claim reclassifying its claim from priority to secured.[1]

Debtors' Plan, filed on August 27, 1986, classified the IRS as a priority creditor, only to the extent of Debtors' federal income tax liabilities. Thus, Debtors listed the IRS as a general unsecured creditor for its pre-petition interest and penalty claims. The IRS filed an objection to the plan on October 10, 1986, arguing that since the Debtors failed to file an objection to the IRS' proof of claim, the claim must be deemed allowed under 11 U.S.C. section 502(a). Thus, Debtors may not attempt to modify the IRS' claim through the plan. The IRS further argued that pursuant to 11 U.S.C. section 507(a)(7) pre-petition interest on taxes receiving priority status are also considered priority claims.

### THE NECESSITY OF FILING A FORMAL OBJECTION

■ The IRS argues that its claim must be deemed allowed since the debtors failed to file an objection as required by 11 U.S.C. section 502(a) and Bankruptcy Rule 3007. The Court agrees. Section 502(a) provides:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor

317.41.

in a case under Chapter 7 of this title, objects.

Rule 3007 provides:

> An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing....

Thus, the Bankruptcy Code has established a system for filing claims under which all claims are deemed allowed unless an objection to the claim is filed by the debtor. Clearly, the Code and Rules do not envision the use of a plan for objecting to proofs of claim. *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985). Accordingly, because no objection to the IRS' claim was filed by the Debtors, the IRS' claim should be deemed allowed.

## INTEREST ON PRIORITY TAXES

Even if the Debtors had properly objected to the IRS' proof of claim, their argument that interest on taxes qualifying for priority status under section 507(a)(7) is not also granted priority status would fail. Section 507(a)(7) provides priority for allowed unsecured claims of governmental units to the extent that such claims are for:

(A) A tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case ...

(G) A penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

The vast majority of courts dealing with the issue have held that interest on taxes accorded priority status under section 507(a)(7) is properly granted priority status as well. *In re Reich*, 66 B.R. 554, 557 (Bankr.D.Colo.1986); *In re Keller & Katkowsky*, 55 B.R. 155, 156–157 (Bankr.E.D. Mich.1985); *In re Palmer*, 53 B.R. 545, 549 (Bankr.N.D.Tex.1985); *In re Treister*, 52 B.R. 735, 737 (Bankr.S.D.N.Y.1985); *In re Coleman American Companies, Inc.*, 26 B.R. 825 (Bankr.D.Kan.1983); *contra, In re Razorback Ready Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark.1984).

The courts have used two lines of reasoning in reaching this conclusion. Some courts have noted that the legislative history of section 507(a)(7) indicates that the section's reference to "allowed secured claims of governmental units" encompasses pre-petition interest. Thus, the interest is entitled to priority under section 507(a)(7)(A). The *Treister* court noted:

> Section 507(a)(6) accords priority to certain "allowed unsecured *claims* of governmental units." (Emphasis added). The term "claim" is broadly defined in section 101(4) to include the "right to payment" and thus in this context is read to include interest. The legislative history of another section which discusses "claim" is supportive. Originally, the Senate included a provision in section 726 which expressly provided that the term "claim" should include interest. The House deleted that provision stating that it was unnecessary "since a right to payment for the interest due is a right to payment which is within the definition of "claim" in section 101(4)...." 124 Cong. Rec.H. 11098 (Sept. 28, 1978); S. 17, 415 (Oct. 6, 1978). *See also* S.Rep. No. 95–989, 95th Cong.2d Sess. 97 (1978), U.S. Code Cong. & Admin. News 1978, 5787. Accordingly, the pre-petition interest ... associated with the ... priority tax claim

will similarly be accorded priority under section 507(a)(6).[2]

*Treister,* 52 B.R. at 737. *Accord, Keller,* 55 B.R. at 156. *See also Palmer,* 53 B.R. at 549.

Other courts have held that interest on pre-petition taxes constitutes a penalty intended to compensate the government for pecuniary loss and, therefore, should be accorded priority under section 507(a)(7)(G). One court has noted:

> In our view the government is similar to any other creditor. In return for deferring full payment of the debt and it [sic] loss of investment opportunity, the government assesses an interest rate to make up for the return it would have made if money was paid in full when due. Just as a debtor has been able to use money belonging to the creditor, the taxpayer by its failure to pay the taxes owed "has had the use of funds which should have been in the possession of the United States." The allowance of interest makes clear that Congress intended "the United States to have the use of the money lawfully due when it became due."

*Keller,* 55 B.R. at 156 (citation omitted). *See also Reich,* 66 B.R. at 556–557, *Palmer* 53 B.R. at 549.[3]

■ In accordance with the weight of authority this Court believes that pre-petition interest constitutes a penalty intended to compensate the United States for its inability to use the money it is owed within the meaning of section 507(a)(7)(G). Therefore, that portion of the IRS' claim that represents pre-petition interest is entitled to priority.

## THE SECURED STATUS OF THE IRS' CLAIM

■ As mentioned, a federal tax lien was filed by the IRS on April 1, 1986 in the amount of $62,317. On October 8, 1986 the IRS filed an amended proof of claim reclassifying its claim from priority to secured. The IRS argues that by virtue of its being a secured creditor, it is entitled to the extra protections afforded secured creditors under 11 U.S.C. section 1325(a)(5).

Specifically, the IRS claims that section 1325(a)(5)(B)(ii) requires that under the plan a secured creditor retain the lien securing its claim. Further, the IRS contends that since penalties, as well as the taxes and interest, are part of the IRS' secured claim, those must be provided for under the plan as well.[4] Finally, the IRS maintains that if there is adequate collateral securing the IRS claim, pursuant to 506(b), interest should run from the date the petition was filed, and not just from the effective date of the plan.[5] *See Best Repair Co. v. United States,* 789 F.2d 1080 (4th Cir.1986).

Debtors contend that the IRS is not secured since there are no assets to which the IRS lien can attach. A review of Debtors' schedules indicates that the only unencumbered assets of Debtors are home furnish-

---

**2.** Section 507(a)(6) has been redesignated as 507(a)(7) by the Bankruptcy Amendments and Federal Judgship Act of 1984.

**3.** It should be pointed out that the IRS did not argue that the penalties should be accorded priority status. When, *in addition to charging interest,* the IRS imposes a penalty on the taxpayer, the courts have held that such penalty is not accorded priority status. The rationale is that such penalties are punitive in nature and, therefore, not within the meaning of section 507(a)(7)(G) which only grants priority status to penalties intended to compensate the government for pecuniary loss. *See e.g., In re Hernando Appliances, Inc.,* 41 B.R. 24 (Bankr.N.D.Miss. 1983); *In re Coleman American Companies, Inc.,* 26 B.R. 825, 831 (Bankr.D.Kan.1983).

**4.** The IRS cites no authority for its contention that penalties are a part of the IRS's secured claim. Presumably, the IRS is relying on 26 U.S.C. section 6321 which provides that "if any person liable to pay any taxes neglects or refuses to pay the same after demand, the amount *(including any interest, additional amount, addition to tax, or assessible penalty ...)* shall be a lien in favor of the United States ..." (emphasis added).

**5.** Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

ings worth $3,000, clothing and keepsakes worth $1,000, and cash in the amount of $1,000. A federal tax lien extends to all property and rights to property, whether real or personal, belonging to a debtor. 26 U.S.C. section 6321. Bankruptcy exemptions have no effect on the determination of the extent of a federal tax lien. 11 U.S.C. section 522(c)(2)(B). Thus, it might seem that the IRS is secured in the amount of $5,000.

However, 26 U.S.C. section 6334 exempts certain property from IRS levy. Section 6334(a)(1) exempts the taxpayer's necessary wearing apparel from levy. Section 6334(a)(2) exempts the taxpayer's furniture and personal effects valued up to $1,500. Here, $1,500 worth of Debtors' household furnishings and keepsakes are exempt from levy under section 6334(a)(2). Debtors' wearing apparel is also exempt pursuant to section 6334(a)(1). Thus, the question arises of whether the IRS can maintain a security interest in property upon which it cannot levy. The IRS' position is that section 6334, exempting certain property from levy, does not impair the broad lien granted under section 6321.[6] The IRS maintains that the two are separate remedies; one an administrative levy, the other a suit to foreclose a lien. Thus, the exemptions to levy have no effect on the extent of the federal tax lien. The Court disagrees. One purpose of a Chapter 13 is to allow a debtor to retain non-exempt assets through a plan which provides for payment for those assets over time. A debtor is not required to pay for exempt assets. The Court feels that it defies common sense to argue that the IRS is nevertheless secured by and entitled to payment for property

that it cannot levy upon to satisfy its lien. In this context, at least, sections 6321 and 6334 must be read together to limit the government's lien. Therefore, to the extent that the IRS, by virtue of its own exemption statutes, may not levy on property, it is not secured by such property. Here, since $1,500 of Debtors' household furnishings and Debtors' wearing apparel is exempt from levy, the IRS is secured in the amount of $2,500.[7]

The Court agrees with the IRS that section 1325(a)(5)(B) requires that a Chapter 13 plan provide that the holder of a secured claim retain the lien securing its claim.[8] Thus, Debtors' plan must be modified to provide that the IRS retain its $2,500 lien against the estate.

The Court also agrees with the IRS that penalties are included in determining the amount of the lien. See n. 4, supra. It has already been determined that the IRS is entitled to priority status for its taxes and interest. The remainder of the IRS' claim is for penalties in the amount of $9,786.01.[9] Since the IRS is secured in the amount of $2,500, pursuant to section 506(a), $2,500 of the IRS' claim for penalties is secured.[10] The balance of its claim for penalties is unsecured.

Finally, since the IRS is not an oversecured creditor, section 506(b) does not entitle it to interest from the date of the filing of the petition as opposed to the effective date of the plan.

## CONCLUSION

Because Debtors failed to properly object to the IRS' proof of claim, it is deemed allowed under section 502(a). Further-

---

6. Although this issue was not briefed by the parties, the IRS has advanced this argument on other occasions.

7. This $2,500 figure includes Debtors' $1,000 in cash and $1,500 worth of household furnishings, neither of which is exempt from levy.

8. Alternatively, the Debtor can surrender the collateral to the IRS pursuant to section 1325(a)(5)(C).

9. See the IRS' amended proof of claim filed October 8, 1986.

10. Section 506(a) provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

more, in accordance with the weight of authority this Court finds that pre-petition interest on pre-petition priority taxes should be given priority status. Thus, Debtors' plan must be amended to give the interest priority status. The Court also finds that the IRS is secured in the amount of $2,500. Accordingly, Debtors' plan must be modified, pursuant to section 1325(a)(5)(B), to provide that the IRS retain its lien.

The remainder of the IRS' claim is for penalties in the amount of $9,786.01. Pursuant to section 506(b), this claim is secured in the amount of $2,500, and unsecured for the balance.

Finally, since the IRS is not an oversecured creditor, section 506(b) does not entitle it to interest from the date of the filing of the petition. Debtors plan shall be modified accordingly.