**In re Louis George BARBIER and Ruth Dean Barbier, Debtors.**

**UNITED STATES of America, Appellants and Cross-appellees,**

v.

**Louis George BARBIER and Ruth Dean Barbier, Appellees and Cross-appellants.**

**Nos. CV–N–87–355–ECR, CV–N–87–394–ECR.**

**Bankruptcy No. BK–N–86–0997.**

United States District Court, D. Nevada.

Feb. 26, 1988.

Office of the U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for appellants and cross-appellees.

Geoffrey L. Giles, Reno, Nev., for debtors.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Both the debtor and the United States, in the form of the Internal Revenue Service (IRS), have appealed orders of the Bank-

ruptcy Court for this district. Neither appeal has any merit. The debtors, on the one hand, argue that this Court should reverse the Bankruptcy Court's order that the IRS is entitled to priority status regarding pre-petition interest. The IRS, on the other hand, argues that the Court must reverse the Bankruptcy Court's finding that the IRS cannot be deemed secured by property upon which it cannot levy. As neither appeal has any legal sufficiency, both will be denied.

## CHARACTERIZATION OF PRE–PETITION INTEREST

■ As stated above, the debtors object to the Bankruptcy Court's characterization of interest on taxes accorded priority status under 11 U.S.C. § 507(a)(7) as also having priority status. The Bankruptcy Court found that such interest was entitled to priority status, as the legislative history of § 507 indicates that that section's reference to "allowed secured claims of governmental units" encompasses pre-petition interest. *In re Barbier*, 77 B.R. 799, 800 (Bankr.D.Nev.1987) (*citing In re Triester*, 52 B.R. 735, 737 (Bankr.S.D.N.Y.1985) *and* S.Rep. No. 95–989, 95th Cong., 2d Sess. 97, (1978) *reprinted in 1978 U.S.Code Cong. & Admin.News*, at 5787). The Bankruptcy Court found that the term "claim" was meant to include interest on priority tax claims by both House and Senate versions of § 507. *Id., (citing Triester, supra; In re Keller & Katowsky*, 55 B.R. 155, 156 (Bankr.E.D.Mich.1985); *In re Palmer*, 53 B.R. 545, 549 (Bankr.N.D.Tex.1985)).

The Bankruptcy Court also noted that the majority of cases hold interest on pre-petition taxes to constitute a penalty intended to compensate the government for pecuniary loss. *Id.,* at 801 (*citing Keller, supra* at 156; *In re Reich*, 66 B.R. 554, 557 (Bankr.D.Colo.1986); *and Palmer, supra,* at 549). These cases note that the government is similar to any other creditor, for in return for deferring full payment of the debt and the loss of investment opportunity, the government assesses an interest rate to make up for the return it would have made if the money were paid in full when due. *Id., (quoting Keller, supra ).*

Because the pre-petition interest constitutes a penalty which compensates the United States for its inability to use money it is owed, the Bankruptcy Court concluded that that portion of the IRS claim which represents pre-petition interest was also entitled to priority.

The debtors argue in response that the government is not like any other creditor with respect to unpaid taxes, as the government supplies nothing of value, such as goods, in exchange for taxes paid. The untenability of the debtors' argument is obvious. The existence of this Court is made possible by the payment of taxes, as is the military which defends the Nation, and countless other benefits which the debtors apparently take for granted. The United States has obligations which it must meet, just like a business creditor. And when its rightful income is taken away from it, the government is entitled to pre-petition interest on priority claims, just as any trade creditor would receive in a similar position. The debtors have stated no basis for reversal of the Bankruptcy judge's order.

## PROOF OF CLAIM

■ The debtors also argue that they should be allowed to object to the IRS claim at this time, even though they failed to object in accordance with 11 U.S.C. § 502(a). The section provides, in general, that a claim or interest shall be deemed allowed, unless a party in interest objects to that claim. Bankruptcy Rule 3007 further provides, however, that an objection to the allowance of a claim shall be in writing, filed with the court, and delivered to the claimant, the debtor, and the trustee at least thirty days prior to the hearing on the confirmation of the plan.

In this case, the debtors apparently attempted to object to the IRS claim at the hearing, without having filed any written objection. As the Bankruptcy judge correctly found, the IRS claim must be allowed, for the debtor's failed to object properly to it.

## EXEMPTION FROM LEVY

■ The appeal of the IRS is similarly without merit, however. It contends that

the Bankruptcy court improperly applied the law governing levy on property to the law determining the creation of a federal tax lien. Specifically, the Bankruptcy court noted that the debtors possessed approximately $1,000 in cash, $1,000 of clothing, and $3,000 of household goods for a total of $5,000. The court further noted, however, that 26 U.S.C. § 6334 exempts $1,000 of clothing and $1,500 of household furnishings from levy. Therefore, the Bankruptcy Court found that the IRS lien only attached to $2,500 of the property, and that the IRS was secured only to that extent. *Id.*, at 802.

The IRS contends that the existence of an exemption from levy does not preclude a lien from attaching to the exempted property. In this regard, the IRS argues that seizure by levy and distraint are still available against the exempted property. Therefore, the fact that the IRS may not levy against the exempted property should not prevent the lien from attaching to it, in the appellant's opinion, as other methods of enforcing the lien are still available.

This statement of the law is inaccurate. Section 6331(a) of Title 26, United States Code indicates that the government may levy upon all property of the debtor, except as such property is exempt under § 6334. In addition, however, § 6331(b) indicates that "levy" as used in this section includes the power of distraint and seizure *by any means*. Construing the statute together, therefore, yields the result that the power of distraint and all other methods of seizure are available against delinquent taxpayers, *except* where such property is exempt under § 6334. Section 6334 thus exempts property from all forms of execution, not just levy. A careful reading of this statute would have disclosed this fact, and would have obviated the need for this appeal.

Furthermore, as the Bankruptcy judge indicated in his order, common sense indicates that a lien does not attach to exempt property. An exemption means that the property is immune from execution because the legislature has found a special purpose for leaving the property in the hands of the debtor. Thus, only certain, essential items are protected by exemption. The entire legislative purpose behind shielding essential property would be frustrated if the exemption only shielded the property from levy, and not any other form of seizure or execution. The Bankruptcy Court's finding that the IRS lien does not attach to the debtor's exempt property was therefore correct.

IT IS, THEREFORE, HEREBY ORDERED that the orders of the bankruptcy judge presented in these two appeals are affirmed in their entirety.