**In the Matter of Harold L. WATTS and Catherine L. Watts, Debtors.**

**Bankruptcy No. BK87–3093.**

United States Bankruptcy Court, D. Nebraska.

Jan. 19, 1989.

David Hicks, Omaha, Neb., for debtors.

Douglas Semisch, Asst. U.S. Atty., Omaha, Neb., Loren Mark, Washington, D.C., for I.R.S.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Debtor and IRS agree that certain income taxes, interest and penalties are due. The parties agree on the amount. However, they do not agree which taxes should be treated for bankruptcy purposes as secured, priority and unsecured.

The IRS assessed an income tax liability and filed notice of a federal tax lien on the 1983 taxes in December of 1984. Such a lien encumbers debtors' assets up to the value of the assets. Tax assessments were also made for the 1984 taxes in May of 1985 and for the 1985 taxes in May of 1986.

The value of debtors' assets does not exceed the amount of taxes, interest and penalties assessed for 1983.

Debtors filed a Chapter 13 bankruptcy petition on October 30, 1987. The IRS filed a claim, as now amended, as secured on the 1983 amount due and as a priority claim under Code Section 507(a)(7) on the 1984 and 1985 taxes.

Debtors argue that such treatment is unfair because it will require debtors to pay the 1983, 1984 and 1985 taxes in full, causing financial hardship. Debtors proposed a plan which treats the 1984 and 1985 taxes as secured and the 1983 taxes as unsecured, eliminating any priority taxes.

Although such treatment would benefit debtors, they provide the Court no authority in statute or case law to justify the treatment. They simply ask the Court to exercise its equitable power to permit debtors to determine how the IRS should apply the plan payments.

The IRS classification is logical and does not offend the statutory language. It has a lien. There is no reason why such lien should be prohibited from attaching to debtors' assets to secure the oldest taxes. It also is owed some recent taxes. The Code at Section 507(a)(7) provides for priority treatment of the recent taxes.

Debtors' objection to IRS amended proof of claim is overruled. IRS objection to amended plan is sustained.

Debtors are granted 21 days to amend in conformance with this memorandum.

Separate journal entry to be entered.