**In the Matter of Thomas Lloyd KING and Joan Patricia King, Debtors.**

**Bankruptcy No. BK88–857.**

United States Bankruptcy Court, D. Nebraska.

May 10, 1989.

Casey Quinn, Omaha, Neb., for debtors.

Douglas Semisch, Ass't. U.S. Atty., Omaha, Neb., and Loren Mark, Trial Atty., Tax Div., CTS, Western Region, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on February 6, 1989, on debtors' objection to the claim of the IRS, filing no. 15, and the IRS's resistance to debtors' objection, filing no. 20. Pursuant to the Court's order of February 7, 1989, filing no. 22, debtors and the IRS submitted briefs. On February 27, 1989, another hearing was scheduled on debtors' objection to the amended claim of the IRS, filing no. 18, and the IRS's resistance, filing no. 23. The Court's order of March 1, 1989, filing no. 25, directed the parties to filing no. 22 and the briefing schedule contained in that order. Appearing for the debtors was Casey Quinn of Omaha, Nebraska; appearing for the IRS at the February 6 hearing was Douglas Semisch of Omaha, Nebraska, and at the February 27 hearing was Loren Mark of Washington, D.C.

### Facts

Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 24, 1988. The debtors' plan was confirmed on August 31, 1988. Debtors' plan provided for payment of a priority claim of the IRS for the tax year ending December 31, 1985, in the amount of $3,728.80. The plan also provided for the secured claim of the IRS by the surrender of debtors' interest (estimated at $2,100.00) in a 1980 Ford Bronco, and the removal of the tax lien on debtors' remaining property (valued at $2,261.00) consisting of earnings, clothes, tools of trade, and household goods. The remainder of the IRS claim is treated as a general unsecured claim.

The IRS filed a second amended proof of claim, dated December 28, 1988, which asserts various unpaid federal income tax liabilities owed by the debtors. The December 28th proof of claim lists secured tax liabilities in the amount of $4,360.99 arising from debtors' unpaid income taxes for the years 1980 and 1981. In addition, the IRS asserts priority claims with respect to the debtors' unpaid 1985 income taxes.

The tax lien on the 1980 Ford Bronco was inferior to the $900.00 security interest of Nebraska State Bank (Bank). Around the time of confirmation, debtors surrendered possession of their 1980 Ford Bronco to the Bank.

### Discussion

Debtors object to the IRS claim on several grounds. First, debtors argue that they

have surrendered the 1980 Ford Bronco to Nebraska State Bank and that the IRS no longer has a secured claim in the amount of debtors' interest ($2,100.00) in that vehicle. The government says that at the time it filed its resistance it was unaware that the vehicle had been surrendered as part of the debtors' plan. The government acknowledges that, since the Bronco was surrendered, the amount of assets involved in its secured claim should be reduced to $2,261.00. Thus, the objection is mooted.

■ Second, debtors argue that I.R.C. § 6334 (26 U.S.C. § 6334)[1] exempts certain items of debtors' personal property and wages from a tax lien of the IRS and that their property, totalling $2,261.00,[2] falls under this exemption. Debtors' cite In re Barbier, 84 B.R. 190 (D.Nev.1988) as support for their argument. The Court in Barbier held that section 6334 exempts property from all forms of execution, not just levy. The United States asserts that section 6334 is inapplicable in determining the amount of the secured claim, arguing that a levy and a lien are two separate things in the Internal Revenue Code.

Some courts have held that the property listed in section 6334 is not exempt from lien even though it is exempt from levy. See In re Ridgley, 81 B.R. 65 (Bankr.D.Or. 1987); In re Jackson, 80 B.R. 213 (Bankr. D.Colo.1987). The court in Ridgley, looking to I.R.C. § 6321, stated that a tax lien attaches to all the debtor's property, and that, while I.R.C. § 6334 lists property which is exempt from levy, that exemption does not render the government's claim for taxes unsecured as to that property for purposes of treatment under the Bankruptcy Code.

However, other courts have held to the contrary. See In re Barbier, 84 B.R. 190 (D.Nev.1988); In re Riley, 88 B.R. 906, 912 (Bankr.W.D.Wisc.1987); Cf. In re Isom, 95 B.R. 148, 151 (Bankr. 9th Cir.1988). The court in Barbier looked to I.R.C. § 6331. Section 6331(a) states that the government may levy upon any property of the debtor, except that property exempted under section 6334. In addition, the Barbier court said, section 6331(b) indicates that the term "levy" as used in that section includes "the power of distraint and seizure by any means." Barbier, 84 B.R. at 192 (emphasis in original). "Construing the statute together, therefore, yields the result that the power of distraint and all other measures of seizure are available against delinquent taxpayers, except where such property is exempt under § 6334. Section 6334 thus exempts property from all forms of execution, not just levy." Id. (emphasis in original).

The legislative history of 11 U.S.C. § 522(c), in which it is stated that assets exempted from levy under I.R.C. § 6334 cannot be applied to satisfy tax lien claims, is consistent with the above conclusion. S.Rep. No. 989, 95th Cong., 2d Sess. 76, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5862.

The debtors' objection to the secured claim of the IRS is sustained.

Third, debtors object to the claim of the IRS to the extent that it asserts "estimated" tax liabilities. They argue that 11 U.S.C. § 502 only provides for allowing estimated claims under certain conditions. Debtors cite no authority for this proposition.

---

1. I.R.C. § 6334 states in pertinent part:
  (a) Enumeration.—There shall be exempt from levy—
    (1) Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
    (2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,500 in value;

    (3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,000 in value.
      \*     \*     \*     \*     \*     \*

2. Debtors claim the following property is exempt under I.R.C. § 6334:

| | |
|---|---|
| Household furnishings | $1,226.00 |
| Tools for carpet laying (trade) | $ 500.00 |
| Wearing apparel | $ 485.00 |
| Deposits of money | $ 50.00 |
| | $2,261.00 |

Debtors assert that section 502(c)(1) of the Bankruptcy Code only permits estimation of claims, for purposes of allowance, that are unliquidated and contingent, and that the proposed additional tax is neither. The government argues section 502 does not proscribe an estimated claim and that it is standard practice for the IRS to assert unliquidated or estimated claims in bankruptcy proceedings. In this case, the claim is for an estimated, or unassessed, deficiency which has been determined by an audit of the debtors' tax return. The government argues that notice of tax deficiency after the bankruptcy petition is filed is allowed under 11 U.S.C. § 362(b)(9) even though an assessment may not be made. In addition, the government argues that assessment is not a prerequisite to making a claim in bankruptcy.

▮ Section 502(c) requires estimation in certain circumstances; it does not prohibit estimation in circumstances other than those set forth in the section.

> [Section 502(c)] requires the estimation of any claim liquidation of which would unduly delay the closing of the estate, such as a contingent claim, or any claim for which applicable law provides only an equitable remedy, such as specific performance. This subsection requires that all claims against the debtor be converted into dollar amounts.

H.Rep. No. 595, 85th Cong., 1st Sess. 354, *reprinted in* 1977 U.S.Code Cong. & Admin.News 5963, 6310; S.Rep. No. 989, 95th Cong., 2d Sess. 65, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5851.

Debtors' objection based on the argument that the only estimated claims allowable are those mentioned in section 502(c) is overruled.

Fourth, debtors had objected on the basis that they should be able to allocate and designate payments regarding the claim of the IRS under a Chapter 13 plan. Debtors withdraw this objection in light of this Court's ruling in *In re Watts*, 102 B.R. 183, (Bankr.D.Neb.1989).

In conclusion, debtors' objection to the secured claim of the IRS in the amount of $2,261.00 on the basis of exemption under I.R.C. § 6334 is sustained; debtors' objection to the estimation of a claim of the IRS is overruled.

A separate journal entry shall issue.