**In the Matter of Thomas Lloyd KING and Joan P. King, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**Thomas Lloyd KING and Joan Patricia King, Appellees.**

No. CV 89–0–451.
Bankruptcy No. 88–857.

United States District Court,
D. Nebraska.

Oct. 31, 1991.

**44**

Casey Quinn, Omaha, Neb., for Thomas Lloyd King and Joan Patricia King.

Stephen G. Fuerth, Loren B. Mark, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION and ORDER

CAMBRIDGE, District Judge.

The United States of America, a creditor in debtors' bankruptcy proceeding, appeals the order of the bankruptcy court, dated May 9, 1989, sustaining the debtors' objection to the government's claim with respect to § 6334 of the Internal Revenue Code. Having reviewed the record on appeal and the government's brief on the matter,[1] the Court finds that the decision of the bankruptcy court should be reversed and the matter remanded for further proceedings consistent with this Memorandum Opinion.

### FACTUAL BACKGROUND

The relevant undisputed facts, as set out in the bankruptcy court's memorandum opinion, are as follows:

Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 24, 1988. The debtors' plan was confirmed on August 31, 1988. Debtors' plan provided for payment of a priority claim of the IRS for the tax year ending December 31, 1985, in the amount of $3,728.80. The plan also provided for the secured claim of the IRS by the surrender of debtors' interest (estimated at $2,100.00) consisting of earnings, clothes, tools of trade, and household goods. The

---

1. The debtors did not submit a brief to the Court in this appeal.

2. Apparently, the IRS had a $2,100.00 secured claim in debtors' 1980 Ford Bronco. Nebraska State Bank had a $900.00 security interest in the same vehicle. Around the time of confirmation,

remainder of the IRS claim is treated as a general unsecured claim.

The IRS filed a second amended proof of claim, dated December 28, 1988, which asserts various unpaid federal income tax liabilities owed by the debtors. The December 28th proof of claim lists secured tax liabilities in the amount of $4,360.99 arising from debtors' unpaid income taxes for the years 1980 and 1981. In addition, the IRS asserts priority claims with respect to the debtors' unpaid 1985 income taxes.

*In re King*, 102 B.R. 184, 185 (Bankr. D.Neb.1989).

The debtors filed an objection to the claim of the IRS, and hearings were held on February 6 and 27, 1989. At the hearings, the government acknowledged that its $4,360.99 claim should be reduced to $2,261.00,[2] and thus the bankruptcy court considered debtors' objection only with respect to that amount. The debtors argued that § 6334 of the Internal Revenue Code (26 U.S.C. § 6334) exempted certain items of a debtor's personal property and wages from a tax lien of the IRS and that their property (household furnishings, $1,226.00; carpet laying tools, $500.00; clothing, $485.00; and money, $50.00), totalling $2,261.00, fell under this exemption. The debtors relied on *In re Barbier*, 84 B.R. 190 (Bankr.D.Nev.1988), which held that, "Section 6334 * * * exempts property from all forms of execution, not just levy." *Id.* at 192. The government argued that although § 6334 prohibits levy on exempt property, it does not preclude the attachment of a tax lien on such property. Relying on *Barbier*, the bankruptcy court sustained the debtors' objection. The government now appeals.

### DISCUSSION

This Court may review the bankruptcy court's legal conclusions *de novo*, but the

---

debtors surrendered possession of the vehicle to Nebraska State Bank, because its claim was superior to the tax lien on the vehicle. Upon learning of such surrender, the government agreed that its secured claim should be reduced to $2,261.00.

bankruptcy court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankruptcy Rule 8013; *In re Apex Oil Co.*, 884 F.2d 343, 348 (8th Cir.1989).

The sole issue on appeal is whether the bankruptcy court erred in allowing the debtors to exempt personal property under section 6334[3] of the Internal Revenue Code, with respect to the government's tax lien claim. The government has called the Court's attention to the fact that *Barbier, supra,* which was relied upon by the bankruptcy court, has since been reversed by the Ninth Circuit Court of Appeals. *See United States v. Barbier*, 896 F.2d 377 (9th Cir.1990).

In *United States v. Barbier, supra,* 896 F.2d at 377, the debtor had argued that 26 U.S.C. § 6334, which exempts certain property from administrative levy, also prohibits the attachment of a federal tax lien on the exempted property. The district court agreed, holding that the government's tax lien could not attach to the debtor's § 6334 exempt property. The Ninth Circuit reversed the district court, after considering the plain language of 26 U.S.C. § 6321, stating:

> Federal tax liens attach to an extremely wide range of property. Section 6321, relating to tax liens, states: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon *all* property and rights to property, whether real or personal, belonging to such person."

\*  \*  \*  \*  \*  \*

The Supreme Court has stated that "[t]he statutory language 'all property and rights to property,' appearing in § 6321 ..., is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. National Bank of Commerce*, 472 U.S. 713, 720–21 [105 S.Ct. 2919, 2924–25, 86 L.Ed.2d 565] (1985).

\*  \*  \*  \*  \*  \*

> Holding that a lien does not extend to property exempt from levy under section 6334 would be inconsistent both with Supreme Court precedent and the statutory purpose of ensuring that the government is able to secure collection of tax revenues.

*Id.* at 378–79 (emphasis original). The court then proceeded to discern the distinction between a levy and a lien, stating:

> A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes. The IRS's levying power is limited because a levy is an immediate seizure not requiring judicial intervention. A levy connotes compulsion or a forcible means of extracting taxes from "a recalcitrant taxpayer."

\*  \*  \*  \*  \*  \*

> A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim should the status of property later change. If, for instance, the debtor later sells his exempt personal property for cash, the IRS would be entitled to obtain such proceeds.

**3.** Section 6334 of the Internal Revenue Code provides in pertinent part:
(a) Enumeration.—There shall be exempt from levy—
(1) Wearing apparel and school books.— Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;
(2) Fuel, provisions, furniture, and personal effects.—If the taxpayer is the head of a family, so much of the fuel, provisions, furniture, and personal effects in his household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $1,500 in value;
(3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $1,000 in value.

**46**

*Id.* at 379 (citations omitted) (emphasis added).  The court concluded, stating:

Reading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property, but not a bar to the government's ability to assert a security interest in such property.  The plain words of section 6321 allow a tax lien to be attached to all of the taxpayer's property, including property exempt from IRS levy.

*Id.  Accord In re Beard,* 112 B.R. 951, 953–54 (Bankr.N.D.Ind.1990); *In re Jackson,* 80 B.R. 213, 215 (Bankr.D.Colo.1987). *See also In re Bates,* 81 B.R. 63, 64 (Bankr. D.Or.1987); *In re Ridgley,* 81 B.R. 65, 69 (Bankr.D.Or.1987); *In re Driscoll,* 57 B.R. 322, 327 (Bankr.W.D.Wis.1986).

The Court agrees with the analysis in *United States v. Barbier, supra,* 896 F.2d at 378–79.  The plain language of § 6321 allows the attachment of a federal tax lien to *all* of the taxpayer's property, including property exempted from levy under § 6334. Therefore, the Court concludes that the government's tax lien in this case did attach to the § 6334 property of the debtors,' notwithstanding that such property was exempt from levy.  As pointed out in the government's brief, "[T]he Government was not seeking to enforce its tax liens by means of levy, but simply to require the debtors to make provision in their bankruptcy plan for payment that reflected the value of the tax liens."  Appellant's Brief at 5.  The government is entitled to such provision.

IT IS THEREFORE ORDERED that the bankruptcy court's order of May 9, 1989, sustaining the debtors' objection to the government's claim, i.e., tax lien, is reversed and this matter is remanded for proceedings consistent with this Memorandum Opinion and Order.