In re Albert TOURVILLE, Debtor.

Albert TOURVILLE, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

Bankruptcy No. 96–41423–JFQ.
Adversary No. 96–4377.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 19, 1997.

Albert B. Fennessey, Charlton, MA, for Plaintiff.

Jonathan D. Lee, Litigation Bureau, Boston, MA, for Mass. Dept. of Revenue.

Carina J. Campobasso, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for I.R.S.

## DECISION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Albert Tourville (the "Debtor") has brought this complaint seeking a determination of his tax liability owed the Internal Revenue Service and requesting the avoidance of the Service's tax lien because of lack of perfection. Before the court are cross motions for summary judgment. At issue is whether the Internal Revenue Service has a lien for unpaid taxes on the personal property of the Debtor, and if so, to what extent.

The IRS initially filed a proof of claim asserting a secured claim in the sum of $151,-

789 and an unsecured priority claim in the sum of $8,302. The Debtor having thereafter filed returns, the IRS has amended its claim to reflect a $4,664.66 secured claim, a $2,495.58 unsecured priority claim and a $762.24 general unsecured claim.

The Debtor's bankruptcy schedules list personal property having a total value of $6,200 (cash at $1,000, household goods at $2,000, wearing apparel at $2,000 and a motor vehicle at $1,200). The schedules also list a "UTC pension plan" with an "unknown" value. This reflects the Debtor's interest in the ERISA-qualified pension plan maintained by United Technology Corp. The I.R.S. values this pension benefit at $30,836, which the Debtor does not contest.

On September 26, 1994, the I.R.S. assessed the Debtor for his liability on the 1987 taxes. On June 13, 1995, it filed with the Clerk of the United States District Court for the District of Massachusetts a notice of the lien which resulted from this assessment. The Debtor filed a chapter 13 petition with this court on April 4, 1996. He claimed his personal property as exempt under section 522(d) of the Bankruptcy Code.

## I. VALIDITY OF LIEN ON PENSION BENEFITS

■ Being subject to a restriction on transfer that is enforceable under applicable nonbankruptcy law, the Debtor's pension benefits are not part of the bankruptcy estate. 11 U.S.C. § 541(c)(2) (1994). *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The question nevertheless remains whether they are subject to the I.R.S. tax lien.

According to the Debtor, Mass. Gen. Laws chapter 235, section 34A invalidates the claimed lien. This statute states that pension plan benefits "shall not be attached or taken on execution or other process to satisfy any debt or liability," with certain exceptions that do not apply here. The I.R.S. contends that this statute does not apply to its tax lien because federal statutes demand that a tax lien shall attach to *all* property rights or property of the Debtor. Essentially, the United States argues that state law of creditor process is subordinate to the operation of the federal tax lien.

■ The general law concerning federal tax liens is not in dispute. If a taxpayer neglects to pay federal taxes after demand, a lien securing the tax is created in favor of the United States on "all property and rights to property, whether real or personal, belonging to such a person." 26 U.S.C. § 6321 (1994). The Supreme Court has dispelled most doubts regarding the statutory language, stating "all 'property and rights to property' is broad and reveals Congress meant to reach every interest in property." *U.S. v. National Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985) (entire balance of debtor's joint bank account subject to lien). The tax lien will attach to the taxpayer's present and future property interests, and will remain until the amounts it secured are paid, or the statute of limitations on the collection of such liabilities expires. 26 U.S.C. § 6322 (1994). *See also Glass City Bank v. United States*, 326 U.S. 265, 268, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1945).

■ But are these pension benefits exempt from the lien by reason of the Massachusetts statute? They are not. State law is powerless to exempt property from the federal tax lien. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958) (that life insurance surrender value is not subject to creditor process under state law is deemed irrelevant on the fixing of federal tax lien on policy).

In *United States v. Rye*, 550 F.2d 682 (1st Cir.1977), the First Circuit held that the federal government's tax lien attaches to a taxpayer's right to receive support payments pursuant to a state court divorce decree, notwithstanding the general exemption from creditor process granted to such payments. The court stated:

In the area of spendthrift trusts, the courts have consistently held that a restraint on transferability, whether arising from the trust instrument or from state law, does not immunize the beneficiary's interest from a federal tax lien. *United States v. Dallas National Bank*, 152 F.2d

582, 585 (5th Cir.1946); *Mercantile Trust v. Hofferbert,* 58 F.Supp. 701, 705 (D.Md. 1944). Since such a restraint is merely a state-created exemption from the reach of creditors, and not an aspect of the substantive right, it cannot serve to defeat the federal tax lien. *Leuschner v. First Western Bank and Trust Co.,* 261 F.2d 705, 708 (9th Cir.1958).

## II. VALIDITY OF LIEN UPON EXEMPT PROPERTY

The lien also attaches to the items of personal property which the Debtor has exempted from the bankruptcy estate. Exempt property is subject to a tax lien, notice of which is properly filed. 11 U.S.C. § 522(c)(2) (1994). The I.R.S. properly filed a notice of this lien with the Clerk of the District Court for the District of Massachusetts. The notice of a federal tax lien must be filed, as to personal property, in the "one office within the State ... as designated by the laws of such State" or with the clerk of the local district court "whenever the State has not by law designated one office...." 26 U.S.C. § 6323(f) (1994). Massachusetts requires a filing as to personal property interests with *both* the Clerk of the Town in which the Debtor resides and with the Secretary of the Commonwealth. Mass. Gen. Laws ch. 106, § 9–401(1)(c) (Law Co-op 1984 & Supp). Because Massachusetts has designated no "one" office for this filing, the Service's filing with the District Court was proper. *See SSG, Inc. v. Omni Medical Health & Welfare Trust,* 93–1 USTC ¶ 50353 (D.Mass.1993); Rev. Rul. 85–89, 1985–2 C.B. 326.

## III. CONCLUSION

As security for payment of $4,664.66 owed for 1987 taxes, the I.R.S. has a valid and perfected lien upon all the Debtor's personal property, including the pension benefits and property claimed as exempt in this bankruptcy proceeding.