In re Theresa A. O'GORMAN–
SYKES Debtor.

Bankruptcy No. 99–22977–DHA.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 13, 1999.

Tom C. Smith, Virginia BCH, VA, Gregory D. Stefan, Norfolk, VA, for Debtor.

Debera F. Conlon, Asst. U.S. Trustee, Norfolk, VA.

## MEMORANDUM OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This case comes before the Court on the debtor's Objection To Claim of the Internal Revenue Service, filed on August 24, 1999 and the corresponding Objection to Confirmation filed by the IRS on September 20, 1999. On April 29, 1999 the debtor filed her Chapter 13 petition and schedules, and on May 19, 1999 filed her Chapter 13 plan. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

### FINDINGS OF FACT

The IRS filed its Proof of Claim on June 2, 1999 in the total amount of $104,532.41, of which it claimed $46,016.00 as a secured claim representing taxes, penalties and interest for tax years 1984, 1985, 1990, 1993, 1994 and 1995. The balance of the IRS claim, totaling $58,516.41, represents an unsecured claim for taxes due for the years 1987, 1988, 1992 and 1993. The Internal Revenue Service recorded Federal Tax Liens in the name of Theresa A. O'Gorman in the Clerk's Office of the Circuit Court of the City of Virginia Beach as follows:

| Lien Recorded | For Tax Years | Amount |
| --- | --- | --- |
| May 12, 1987 | 1985 | $ 5,401.41 |
| September 29, 1987 | 1984, 1985 | $12,359.29 |
| July 31, 1997 | 1984 | $ 6,957.88 |

Thereafter, the IRS filed additional Federal Tax Liens in the name of Theresa A. O'Gorman–Sykes, aka Theresa O. Riggin, aka Theresa A. O'Gorman, with the Clerk of the Virginia Beach Circuit Court:

| Lien Recorded | For Tax Years | Amount |
| --- | --- | --- |
| August 21, 1989 | 1984, 1985 | $10,324.15 |
| September 19, 1991 | 1984, 1985 | $12,359.29 |
| September 19, 1991 | 1984, 1985 | $10,324.15 |
| June 30, 1992 | 1990 | $ 2,503.50 |
| May 16, 1996 | 1994 * | $14,350.52 |
| April 28, 1997 | 1993, 1995 | $25,814.22 |
| May 12, 1997 | 1985 . | $ 5,401.41 |

[* The lien recorded on May 16, 1996 for 1994 taxes was recorded in the name of the debtor and her husband, Daniel P. Sykes]

. Debtor's Objection To Claim contends that the debtor does not own sufficient property to secure the IRS tax lien in the amount of $46,016.00. The debtor further maintains that the total amount of her property that provides security for the tax lien, is only $6,566.00, leaving an unsecured general claim in the amount of $97,966.41. In a hearing on a Motion for Continuance on the debtor's Objection To Claim and IRS's Objection to Confirmation held on October 21, 1999, the parties elected to submit the issues before the Court on briefs. The Court has reviewed the briefs of the parties, the exhibits attached thereto and the debtor's schedules in reaching it conclusions.

The debtor listed on Schedule A an equity interest of $10,000 in her residence at 1021 Country Mill Road, Virginia Beach, Virginia. The debtor claims that the residence is owned as tenants by the entirety with her spouse. She also listed on Schedule B wearing apparel with a value of $500, furs and jewelry valued at $2,000, $300 in wages due the debtor at time of filing, household goods totaling $2,965, an automobile with a value of $14,000 and a judgment against her former spouse and an arrearage owed by her first spouse for support in the amount of $24,000. The debtor also asserts that she is not the titleholder of the 1995 Volvo automobile listed on her schedules.

### CONCLUSIONS OF LAW

1. REAL ESTATE HELD IN TENANCY BY THE ENTIRETY

The Court must first decide whether the IRS may reach the real estate held by the debtor with her husband as tenants by the entirety. The Federal Tax Lien recorded on May 6, 1996 in Virginia Beach claiming 1994 taxes due in the amount of $14,350.92 is in the name of the debtor and Daniel P. Sykes. Thus, the IRS lien attached to any property then owned or thereafter acquired by Daniel and Theresa O'Gorman Sykes. By filing a joint federal income tax return, the debtor

and her husband assumed joint responsibility for any income taxes due that year. The tax liability incurred as a result of the 1994 filing is therefore a joint debt and the IRS holds a valid lien against the Sykes' jointly held property. Although property held in tenancy by the entireties is not reachable by an individual spouse's creditors, as dictated by Virginia law,[1] it may be used to satisfy joint debts. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951)[2]; *Ford v. Poston*, 773 F.2d 52 (4th Cir.1985).[3] Therefore, the debtor's equity in her residence, indicated to be $10,000 and exempted only to the extent of $1.00, secures a portion of the claim of the IRS representing the unpaid balance on tax claims arising from debtor's 1994 joint income tax return.

■ Debtor's argument, with respect to the real estate, that the IRS improperly filed its lien, and therefore must be treated as an unsecured creditor, is without merit. Debtor's attempt to introduce state law filing requirements in misplaced. Liens for federal taxes and provisions for their collection are strictly federal and strictly statutory. *Bank of Nevada v. U.S.*, 251 F.2d 820 (9th Cir.1957). The tax lien filings in this case meet the requirements of 26 U.S.C. § 6321 *et seq.*

## 2. INTERNAL REVENUE SERVICE'S INTEREST IN DEBTOR'S VEHICLE

■ The IRS claims that the vehicle is marital property purchased during the marriage, and, as such, is subject to the IRS claim as part of the bankruptcy estate. The debtor argues that she does not own the vehicle, that it is titled in her husband's name alone, and therefore the IRS does not have a lien on the vehicle. The Court relies on the copy of the registration for the vehicle attached to the debtor's Objection To Claim and the parties' apparent agreement that the vehicle is titled solely in the name of debtor's husband.

The evidence in the record supports the IRS's contention that the vehicle is marital property, and is therefore subject to the IRS's claim. The fact that the vehicle is not titled in debtor's name is not dispositive. Under Virginia law, § 20–107.3,[4] it would appear that the vehicle is marital property and therefore is property of the bankruptcy estate.

The fact that the vehicle was purchased during the marriage, that debtor listed it as an asset on her schedules (Schedule B, Item 23) and elected to make the payments due on the loan for it through her plan support the conclusion that the vehicle is marital property. In addition to proposing to pay the automobile loan payments through the trustee, the debtor lists the debt secured by the Volvo on Schedule D and indicated on Schedule H that she has no co-debtors. The debtor cannot rely solely on the fact that the vehicle is not titled in her name to support her contention that the vehicle does not constitute her "personal property." Absent any evidence to support debtor's position of separate ownership of the vehicle in Daniel

**1.** Extent to which federal tax lien can reach taxpayer's property depends upon nature of taxpayer's interest as defined by state law. *In re Raihl*, 152 B.R. 615, (9th Cir. BAP 1993)

**2.** The Virginia Supreme Court in *Vasilion* held that realty held by husband and wife as tenants by the entireties is liable for the joint debts of both spouses and is reachable against them by proper process.

**3.** The Fourth Circuit in *Ford v. Poston* held that under Virginia law the creditors of one spouse may not attach real estate owned by tenants by the entireties—only creditors of joint debts of both spouses may reach such property.

**4.** 2. Marital property is (i) all property titled in the names of both parties, whether as joint tenants, tenants by the entirety or otherwise, except as provided by subdivision A 3, (ii) that part of any property classified as marital pursuant to subdivision A 3, or (iii) all other property acquired by each party during the marriage which is not separate property as defined above.

Sykes, the Court finds that the vehicle constitutes marital property which the IRS lien reaches to secure its tax lien in the amount of $5,000, representing equity in the vehicle.

## 3. ANTICIPATED TAX REFUNDS

■ With respect to anticipated federal tax refunds for 1998 and 1999, this claim does not appear to be contested by the debtor. Clearly, the tax refunds relating to prepetition income are property of the estate. *In re Sutphin*, 24 B.R. 149 (Bankr.E.D.Va.1982)[5]; *In re Canon*, 130 B.R. 748 (Bankr.N.D.Texas 1991)[6]; 11 U.S.C.A. § 541(a). The anticipated 1998 tax refund of $500 and the anticipated 1999 refund of $100 are therefore property of the estate, representing a return of the overpayments of prepetition taxes. The effect of the IRS lien attaching to the debtor's real and personal property affects the viability of the plan:

> Having the IRS lien attach to exempt property does not, as Voelker contends, undermine § 6334's goal of allowing the debtor To 'retain some minimal personal effects necessary for living in Our society,' because the IRS cannot summarily seize the property. The debtor retains possession and the lien simply determines the amount he has to pay the IRS. Thus, the effect of our holding that the IRS's lien attaches to Voelker's personal property will require him to pay the IRS $825.00 more than if the lien did not attach, either through larger month-

ly payments or through payments over a longer time period.

*Matter of Voelker*, 42 F.3d 1050, 1052 (7th Cir.1994).

The debtor exempted the anticipated 1998 and 1999 federal income tax refunds on Schedule C. Even though the refunds are claimed exempt by the debtor pursuant to Virginia Code Section 34–4, they are subject to the secured claim of the IRS. *Matter of Voelker*, 42 F.3d 1050, 1051 (7th Cir.1994);[7] *In re Reed*, 127 B.R. 244, 246 (Bankr.D.Hawai'i 1991); *In re Carlson*, 180 B.R. 593 (Bankr.E.D.Cal.1995); *Leuschner v. First Western Bank & Trust*, 261 F.2d 705, 708 (9th Cir.1958); *In re Tourville*, 216 B.R. 457, 458 (Bankr.D.Mass. 1997).

## 4. SUPPORT PAYMENTS

■ The IRS's claim is clearly secured by the total amount of debtor's support payments due from her current husband and represented by a judgment against him ($13,000 as listed in Schedule C) and arrearages owed by her ex-husband ($11,000 as listed in Schedule C). A levy and a lien are different statutory privileges, and different rules apply to each. *United States v. Wight*, 1999 WL 628131, 83 A.F.T.R.2d 99–2175 (E.D.Cal.). Property exempt from levy is still subject to a lien by the IRS. *Matter of Voelker*, 42 F.3d 1050 (7th Cir.1994). Furthermore, a federal tax lien attaches to *all* of a debtor's property. 26 U.S.C.A. § 6321.[8] The cases

---

5. In that case, the Eastern District of Virginia Bankruptcy Court (Alexandria Division) held that possible federal and state income tax refunds are part of bankruptcy estate to extent that such refunds are attributable either to excessive withholding prepetition or to other prepetition income

6. The Bankruptcy Court in that case held that an overpayment from a preceding year's excessive withholding, which the taxpayers elected to apply to their estimated federal income tax liability for a year in which one taxpayer's bankruptcy petition was filed, and which was received in the following year in the form of a refund, constituted estate property.

7. *See also American Trust v. United States*, 142 F.3d 920 (6th Cir.1998) (Internal Revenue Service (IRS) could enforce tax lien, in interpleader action brought by third party, against property that would be exempt from levy, even though IRS first sought to recover tax deficiencies by administrative levy).

8. "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States **upon all property and rights to property, whether real or personal, belonging**

cited by debtor on this point are either inapplicable or no longer good law.[9] Therefore, the spousal support judgment and support arrearages are subject to the IRS lien under 26 U.S.C.A. § 6321, despite being property exempt from levy.

■ Similarly and for the foregoing reasons, the other personal property of the debtor listed on Schedule B and claimed as exempt under state law, with a total asset value of $6,565.00, are also subject to the IRS tax lien. Those assets are:

| | |
|---|---|
| Bank of Tidewater savings accounts | $ 50 |
| Household goods and furnishings | $2965 |
| Computer | $ 150 |
| Clothing | $ 500 |
| Jewelry | $2400 |
| Sporting goods | $ 200 |
| Wages due the debtor | $ 300 |

### CONCLUSION

Because debtor's Chapter 13 plan improperly classifies the claim of the Internal Revenue Service and fails to provide for payment to the IRS the total amount of its secured claim, the debtor's plan cannot be confirmed under 11 U.S.C. § 1325, and the debtor's Objection To Claim must be overruled.

IT IS SO ORDERED.

---

to such person."[Emphasis supplied] 26 U.S.C.A. § 6321

9. *In re Barbier*, 84 B.R. 190 (D.Nev.1988) *reversed U.S. v. Barbier*, 896 F.2d 377 (9th Cir.1990); *In re King*, 102 B.R. 184 (Bankr. D.Neb.1989) *order reversed by Matter of King*, 137 B.R. 43 (D.Neb.1991); *In re Riley*, 88 B.R. 906 (Bankr.W.D.Wis.1987) *disagreed with by In re Voelker*, 175 B.R. 989 (W.D.Wis. 1994).