**In re Michelle A. SMITH, Debtor.**

**No. 99–54107–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

May 9, 2001.

---

Edward Vincent Dylla, San Antonio, TX, for debtor.

John Patrick Lowe, Uvalde, TX, trustee.

## MEMORANDUM DECISION

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for hearing the Trustee's Final Report Before Distribution in this case. An objection was raised by the debtor and the United States Trustee to the panel trustee's request for interest on his trustee compensation award and on his trustee expense award. The matter was taken under submission, and is now resolved by the entry of this decision and its accompanying order.[1]

## Background Facts

Through diligent efforts, the chapter 7 trustee in this case recovered sufficient assets to satisfy all outstanding claims and to make a proposed distribution to the debtor. By an interim distribution, all ordinary unsecured claims have been paid in full, with interest. In addition, other chapter 7 administrative expense claims (including counsel for the trustee and the trustee's accountant) have been paid in full. There remain unpaid only the trustee's compensation award ($3,075.93) and the trustee's expense claim ($6,172.47). These awards are not contested.

1. The same issue was argued to the Honorable Ronald B. King on the same day. Judge King has entered an order in that matter

The trustee also seeks interest on his compensation award in the amount of $240.38 and interest on the expense award in the amount of $482.37. Although the actual dollars involved are not large, the policy issue is important.

## Analysis

A number of decisions have been rendered regarding the propriety of a trustee's recovering interest on a trustee's compensation award (and on his expense award). *See United States Trustee v. Fishback (In re Glados),* 83 F.3d 1360, 1365 (11th Cir.1996); *In re Motley,* 150 B.R. 16 (Bankr.E.D.Va.1992) (cases disallowing interest on policy grounds); *cf. In re Vogt,* 250 B.R. 250 (Bankr.M.D.La.2000) (allowing interest on statutory interpretation grounds). In this court's view, the matter is resolved by a straightforward reading of the language of the relevant statutes. *See United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Section 726(a)(5) directs that "property of the estate *shall* be distributed ... fifth, in payment of interest at the legal rate *from the date of filing* of the petition, on any claim paid under paragraph (1) of this subsection." 11 U.S.C. § 726(a)(5) (emphasis added). Subsection (1) of section 726(a) provides for distribution, as a first priority, "in payment of claims of the kind specified in, and in the order specified in, section 507 of this title ..." 11 U.S.C. § 726(a)(1).

Section 507 in turn provides, as a first priority for distribution, "administrative expenses allowed under section 503(b) ..." 11 U.S.C. § 507(a)(1). Then, section 503(b) permits the allowance as an administrative expense of "compensation and reimbursement awarded under section 330(a)

adopting the reasoning of this decision and arriving at the same ruling.

..." 11 U.S.C. § 503(b)(2). Section 330(a)(1) allows the court to "(A) ... award to a trustee ... reasonable compensation for actual, necessary services rendered by the trustee ... (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The award in section 330 is subject to section 326. That section in turn explains that "[i]n a case under chapter 7 ... the court may allow reasonable compensation under section 330 ... for the trustee's services, payable after the trustee renders such services ..." at certain maximum percentages dependent on the size of the estate. 11 U.S.C. § 326(a).

■ Thus, section 330 authorizes an award for the trustee's commission and expenses, section 503(b) then authorizes the allowance of that award as an administrative claim against estate assets, and section 507(a)(1) accords that award a first priority of payment. Section 726(a)(1) then directs the distribution of estate assets to satisfy allowed claims which are accorded a first priority. Section 326 is a limitation on the maximum amount of the award that may be granted under section 330, but does not address, regulate, control, limit or otherwise affect the distribution process under section 726.[2] Subsection (5) of the distribution process does not come into play unless there are assets still left over *after* fully satisfying priority claims first, then ordinary unsecured claims second, then late-filed claims third, then claims for fines, penalties and the like fourth.

■ Before returning money to the debtor, the distribution scheme designed by Congress contemplated an interest payment, computed (1) at the legal rate, (2) from the date of filing, and (3) on *any*

claim paid under, *inter alia,* paragraph (1) of section 726(a). There are no limitations or exceptions carved out in the statute with respect to this interest payment, and the language of the statute is both straightforward and plain. Neither policy considerations nor case law permit the court to ignore the plain language of the statute. *See Ron Pair,* 489 U.S. at 242–43, 109 S.Ct. 1026. The trustee's commission and expense claims are two of the allowed claims that are satisfied with a distribution of estate assets, pursuant to section 726(a)(1). These allowed priority claims thus qualify for interest at the legal rate, just as do all other allowed claims that receive distribution under subsections (a)(1) through (a)(4) of section 726.

■ In addition, the interest to be paid pursuant to section 726(a)(5) is computed from the date of filing. Congress knew or should have known that the language that it selected ("from the date of filing") would apply even to claims that were incurred after the date of filing. Congress nonetheless chose to permit a distribution of interest on such awards from the date of filing, in language that could not be more clear. If parties believe this proviso to be improvident or inappropriate, the remedy is to approach Congress for modification or amendment. Judicial amendments to clear statutory enactments are proscribed both by sound jurisprudential considerations and by the separation of powers principles built into our Constitution.

For the foregoing reasons, this court concludes that the trustee's final report should be approved as submitted, allowing interest on the trustee's commission and expense claims at the legal rate from and

---

**2.** Distribution is two steps removed from the award process (*i.e.,* award, allowance, prioritization, distribution). While section 326 may place limits on what may be *awarded* under section 330, it has no impact at all on what is to be *distributed* to the holders of allowed claims. The distribution scheme in section 726 presumes that the award, allowance and prioritization processes have been completed, and so need not be further revisited.

after the date of filing of the case. A separate order will be entered consistent with this decision.

### Order Granting Trustee's Request for Interest

Came on for hearing the Trustee's Final Report Before Distribution in this case. An objection was raised by the debtor and the United States Trustee to the panel trustee's request for interest on his trustee compensation award and on his trustee expense award. The matter was taken under submission, and the court subsequently ruled that the trustee is entitled to interest on his compensation award and his expense award. Accordingly, the trustee is awarded interest on his compensation award, in the amount of $240.38, and interest on the expense award, in the amount of $482.37.

So Ordered.