**In re Billy Dale HEMBREE, Sr., Sharon Sue Hembree, Debtors.**

**No. 95–06855–KL3.**

United States Bankruptcy Court, M.D. Tennessee.

July 30, 2002.

Maria Salas, Rothschild & Associates, Nashville, TN, for the Debtors.

Samuel K. Crocker, Nashville, TN, for the Trustee.

Beth R. Derrick, Assistant United States Trustee, Nashville, TN, for the United States Trustee.

### MEMORANDUM

GEORGE C. PAINE, II, Chief Judge.

This matter is before the court on the United States Trustee's (hereinafter "UST") objection to the Chapter 7 Trustee's (hereinafter "Trustee") "Final Report, Application for Compensation, and Proposed Distribution to Creditors with Filed Claims, Feed Charged Under Title 28, Chapter 123, and Administrative Expenses." More specifically, the UST objects to the trustee's request for interest on his compensation, both because such interest is not allowed under the Code and because interest would award the trustee with compensation in excess of the Code's statutory limits. The trustee contends that he is permitted interest under the clear language of the relevant statutes. For the reasons hereinafter cited, the court overrules the UST's objection and approves the trustee's final report and application for compensation.

The facts are not in dispute. Debtors, Billy Dale Hembree and Sharon Sue Hembree, filed Chapter 13 on September 27, 1995. Unable to confirm a plan, the debtors converted their case on January 22, 1996. Samuel K. Crocker was appointed Chapter 7 trustee on January 23, 1996.

The trustee administered a number of assets, and filed a Notice of Need to File a Proof of Claims Due to Recovery of Assets on March 11, 1996, setting a bar date of June 10, 1996. Over the next several months of the case, the trustee continued to sell estate assets. Other than the assets that were sold and a wrongful death claim, all other assets were deemed abandoned. With respect to the wrongful death claim, the trustee retained the law firm of Merkel & Cocke as special counsel to represent the estate in a wrongful death action commenced by the debtors prepetition against the State of Tennessee.

On February 29, 2000, the state court entered a $300,000 judgment against the State. These funds were received by the Chapter 7 trustee on July 30, 2001. On January 22, 2002, an order and notice was sent out directing creditors to file claims against the surplus. Such claims had to be filed no later than February 12, 2002. The trustee's final report was filed May 6, 2002.

During the administration of the case, the trustee applied for and paid the following administrative expenses:

| PAYEE | DATE AWARDED | AMOUNT AWARDED | PAYMENT DATE |
|---|---|---|---|
| John Heldreth | 5/22/96 | $ 131.25 | 6/04/96 |
| John Heldreth | 9/30/96 | $ 43.00 | 10/18/96 |
| John King | 10/07/96 | $ 830.00 (fee)<br>$ 102.21 (expense) | 10/18/96 |
| Merkel & Cocke | 9/07/01 | $169,397.26 (fees)<br>$ 3,865.88 (expenses) | 9/21/01 |
| Samuel Crocker | 2/05/02 | $ 1,859.00 (fees)<br>$ 31.59 (expenses) | 2/08/02 |

Additionally, the trustee requested compensation in the maximum amount of $21,657.42 plus interest of $8,008.14 calculated from the commencement of the case pursuant to 11 U.S.C. § 726(a)(5). The trustee and the Office of the United States Trustee agreed to reduced compensation in the amount of $16,000, but disagreed on whether the trustee has a right to interest of $5,916.22 on that reduced amount.

The UST objects to the trustee's request for interest on two principal grounds. First, the UST asserts that administrative expenses are not included within § 726(a)(1) and therefore there is no entitlement to interest under § 726(a)(5) for administrative expense claimants. If administrative claims are entitled to interest under § 726(a)(5), the UST disagrees that such interest should be payable from the date of the petition, but rather from the date of the fee award. Finally, the UST asserts that granting of the interest requested by the trustee will allow the trustee's total compensation to exceed the limit on trustee compensation in § 330 by $259.22.

The UST asks the court to read "claim" in § 726(a)(1) to refer exclusively to prepetition claims. This reading of "claim," the UST asserts, is supported by the requirement in § 726(a)(1) that with respect to such claims "proof of which [be] timely filed under section 501 of this title or tardily filed ..." While § 507, cross referenced in § 726(a)(1), also includes administrative expenses under § 503, the UST urges that only unsecured prepetition priority claims are within the scope of § 726(a)(1).

The Chapter 7 trustee, on the other hand, contends that under the clear statutory language of sections 726(a), 507 and 503, he is entitled to interest running from the petition date. The trustee argues that there is no need to look further than the statutory language, as that language provides an unambiguous Congressional mandate that permits interest on his compensation.

Entitlement to interest under 11 U.S.C. § 726(a)(5) requires the court's consideration of a number of relevant Bankruptcy Code sections. Section 726(a)entitled "distribution of property of the estate"—provides in relevant part:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distributions under this section;

\* \* \* \* \* \*

(5) fifth, in payment of interest at the legal rate, from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection[.]

11 U.S.C. § 726(a). Section 507 provides in part:

(a) The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

11 U.S.C. § 507(a)(1). And, in turn, § 503(b) provides:

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

\* \* \* \* \* \*

(2) compensation and reimbursement awarded under section 330(a) of this title.

11 U.S.C. § 507(a)(1).

 Finding no need to "re-invent the wheel," the court adopts the well reasoned opinion of Judge Leif Clark in *In re Smith*, 267 B.R. 770 (Bankr.W.D.Tex. 2001). Judge Clark addressed the issue presently before this court, namely whether the Chapter 7 trustee of a solvent estate is entitled to interest, under § 726(a)(5), on the trustee's compensation and reimbursable expense claims, Applying the plain language of the statute, the court allowed "interest on the trustee's commission and expense claims at the legal rate from and after the date of filing of the case." *Id.* at 773. The court explained:

> In this court's view, the matter is resolved by a straightforward reading of the language of the relevant statutes. *See United States v. Ron Pair Enterprises*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).
>
> Section 726(a)(5) directs that "property of the estate **shall** be distributed . . . fifth, in payment of interest at the legal rate *from the date of filing* of the petition, on any claim paid under paragraph (1) of this subsection." 11 U.S.C. § 726(a)(5) (emphasis added). Subsection (1) of section 726(a) provides for distribution, as a first priority, "in payment of claims of the kind specified in,

and in the order specified in, section 507 of this title . . ." 11 U.S.C. § 726(a)(1).

> Section 507 in turn provides, as a first priority for distribution, "administrative expenses allowed under section 503(b) . . ." 11 U.S.C. § 507(a)(1). Then, section 503(b) permits the allowance as an administrative expense of "compensation and reimbursement awarded under section 330(a) . . ." 11 U.S.C. § 503(b)(2). Section 330(a)(1) allows the court to "(A) . . . award to a trustee . . . reasonable compensation for actual, necessary services rendered by the trustee . . . (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The award in section 330 is subject to section 326. That section in turn explains that "[i]n a case under chapter 7 . . . the court may allow reasonable compensation under section 330 . . . for the trustee's services, payable after the trustee renders such services . . ." at certain maximum percentages dependent on the size of the estate. 11 U.S.C. § 326(a).
>
> Thus, section 330 authorizes an award for the trustee's commission and expenses, section 503(b) then authorizes the allowance of that award as an administrative claim against estate assets, and section 507(a)(1) accords that award a first priority of payment. Section 726(a)(1) then directs the distribution of estate assets to satisfy allowed claims which are accorded a first priority. Section 326 is a limitation on the maximum amount of the award that may be granted under section 330, but does not address, regulate, control, limit or otherwise affect the distribution process under section 726.[1] Subsection (5) of

---

1. Distribution is two steps removed from the award process (*i.e.*, award, allowance, prioritization, distribution). While section 326 may place limits on what may be *awarded* under section 330, it has no impact at all on what is to be *distributed* to the holders of allowed claims. The distribution scheme in section 726 presumes that the award, allowance and prioritization processes have been completed,

the distribution process does not come into play unless there are assets still left over *after* fully satisfying priority claims first, then ordinary unsecured claims second, then late-filed claims third, then claims for fines, penalties and the like fourth.

Before returning money to the debtor, the distribution scheme designed by Congress contemplated an interest payment, computed (1) at the legal rate, (2) from the date of filing, and (3) on *any* claim paid under, *inter alia,* paragraph (1) of section 726(a). There are no limitations or exceptions carved out in the statute with respect to this interest payment, and the language of the statute is both straightforward and plain. Neither policy considerations nor case law permit the court to ignore the plain language of the statute. *See Ron Pair,* 489 U.S. at 242–43, 109 S.Ct. 1026. The trustee's commission and expense claims are two of the allowed claims that are satisfied with a distribution of estate assets, pursuant to section 726(a)(1). These allowed priority claims thus qualify for interest at the legal rate, just as do all other allowed claims that receive distribution under subsections (a)(1) through (a)(4) of section 726.

In addition, the interest to be paid pursuant to section 726(a)(5) is computed from the date of filing. Congress knew or should have known that the language that it selected ("from the date of filing") would apply even to claims that were incurred after the date of filing. Congress nonetheless chose to permit a distribution of interest on such awards from the date of filing, in language that could not be more clear. If parties believe this proviso to be improvident or inappropriate, the remedy is to approach Congress for modification or amendment. Judicial amendments to clear statutory enactments are proscribed both by sound jurisprudential considerations and by the separation of powers principles built into our Constitution.

*Smith,* 267 B.R. at 771–72.

The UST's position that claims, expenses and fees must be ready separately for purposes of § 726(a)(1) would be more inviting if § 726(b) and (c) didn't carve-out claims under § 503 for priority distribution from community property.[2] Subsection (c)

---

and so need not be further revisited. (footnote 2 in original text).

**2.** 11 U.S.C. § 726(b) and (c) provide:

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), (6), (7), or (8) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1009, 1112, 1208, or 1307 of this title, a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a cus-

todian superseded under section 543 of this title.

(c) Notwithstanding subsections (a) and (b) of this section, if there is property of the kind specified in section 541(a)(2) of this title, or proceeds of such property, in the estate, such property or proceeds shall be segregated from other property of the estate, and such property or proceeds and other property of the estate shall be distributed as follows:

(1) Claims allowed under section 503 of this title shall be paid either from property of the kind specified in section 541(a)(2) of this title, or from other property of the estate, as the interest of justice requires.

(2) Allowed claims, other than claims allowed under section 503 of this title, shall be paid in the order specified in subsection (a) of this section, and, with respect

of § 726 makes clear that when Congress intended to distinguish between prepetition claims entitled to priority under § 507, and § 503 administrative expense claims given priority under § 507(a)(1), it did so directly and not through a series of confusing references to "claims." Because Congress has shown it can and does specifically differentiate between particular types of claims when multiple subsections of the Code interplay, the court is further convinced that the plain language of sections 726(a)(1), 726(a)(5), 507(a)(1), 503(b), 330(a) and 326(a) mandate that the trustee is entitled to interest on his compensation in the amount sought.

■ The UST suggests that administrative expenses, specifically fee and other compensation awards, are ordered paid pursuant to court order and are not subject to the distribution system set up in § 726(a). While administrative expenses may be often be paid during the pendency of the case, pursuant to court order, they are nevertheless subject to the distribution provisions of § 726. Should an estate prove administratively insolvent at the conclusion of a Chapter 7 case, administrative claim holders paid more than their prorata share, are subject to disgorgement. *See* 11 U.S.C. § 726(b).

Furthermore, as argued by the trustee, section 326 allows compensation to trustee to be paid only "upon all monies disbursed or turned over in the case by the trustee to parties in interest." The trustee's right to compensation does not come into existence at the end of a case, until disbursements are made. The trustee cannot, therefore, be compensated other than through § 726(a) to the extent disbursements are paid through the final report.

The awarding of interest from the petition date, rather than some other judicially determined date, eliminates the uncertainty that would result in randomly selecting an alternative date. If the court were to accept the UST's argument, that for equitable reasons, the court should judicially determine the date for an award of interest, rather than the "date of filing" as mandated by the Code, then what would that date be? Should it be the date of filing of the state court action; the date of the jury verdict; the date of the judgment; the date the judgment became final, the date the award was paid to the trustee; or should it be some other arbitrary date that the court should select? The court finds that it is far better for Congress to decide the appropriate date. As pointed out by Judge Clark, "[i]f parties believe this proviso to be improvident or inappropriate, the remedy is to approach Congress for modification or amendment." *Smith*, 267 B.R. at 772.

Section 726's clear language allows payment of interest on section 507 claims (claims for administrative expenses allowed under section 503(b)), and section 503(b)(2) includes compensation awarded under section 330. Subsection (a)(5) of 726 provides for "interest at the legal rate" on *any* claim paid under 726(a)(1). The trustee's claim for interest pursuant to 726(a)(5) is clearly based on a claim paid under 726(a)(1).

For all of the foregoing reasons, the court must overrule the UST's objection to the trustee's final report and application for compensation. The court will instruct Mr. Crocker, as Chapter 7 trustee, to prepare an order consistent with this Memorandum within ten (10) days of its entry to

---

to claims of a kind specified in a particular paragraph of section 507 of this title

or subsection (a) of this section, in the following order and manner . . .

effectuate the distributions and closing of this case.

It is, THEREFORE, so ordered.