United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10298

In re WILLADEEN REED,

Debtor.

MAX R. TARBOX, Chapter 7 Trustee,

Appellant,

VERSUS

UNITED STATES TRUSTEE FOR THE NORTHERN
DISTRICT OF TEXAS,

Appellee.

Appeal from the United States District Court
For the Northern District of Texas

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Max Tarbox, a Chapter 7 Trustee (the "Trustee"), filed a final report in a bankruptcy proceeding in which the Trustee proposed to pay interest on administrative fees and expenses from the date of the filing of the petition, arguing that 11 U.S.C. § 726(a)(5) requires such a result in cases where the estate contains enough assets to redistribute a remainder to the debtor, i.e., a surplus case. The United States Trustee for the Northern District of Texas

(the "UST") objected to the proposed payment, arguing that to allow interest to accrue from the date of the petition permits payment of money from the estate for a claim during a time period when no claim in fact existed. The UST urged, alternatively, that interest should accrue from the date the bankruptcy court awards compensation to the trustee. The bankruptcy court followed a third path in determining that the relevant statute denies interest on administrative fees and expenses altogether. The Trustee appealed the decision to the district court, which affirmed the finding of the bankruptcy court essentially for the reasons stated by the bankruptcy court. The Trustee timely filed the instant appeal. For the reasons set forth below, we AFFIRM.

## BACKGROUND AND PROCEDURAL HISTORY

Willadeen Reed, the debtor, filed a petition for relief under Chapter 7 in May 1999. Tarbox was subsequently appointed trustee of the bankruptcy estate. The Trustee secured approximately $42,700 in the debtor's estate for distribution to the creditors of record. After paying off the creditors, the debtor's estate contained a surplus of approximately $10,700. The Trustee thereafter submitted to the bankruptcy court an Application for Compensation and Report of Proposed Distribution (the "Final Report"), in which the Trustee proposed to pay interest on administrative claims that the Trustee argued are mandated in

2

surplus cases by § 726(a)(5).[1]  The UST objected to the Final

Report, essentially arguing that the Trustee was seeking to claim

interest for work during a period of time that no work was being

performed.  The UST contended the Trustee did not earn any monies

that could, in turn, earn interest between the date the petition is

filed and the date the Trustee actually is awarded his fees, and

therefore, the Trustee should not be allowed to claim interest on

his fees during that time.  The only allowable interest, argued the

UST, is calculated from the time the compensation award is

determined and the time it takes to pay that award.

The bankruptcy court conducted a hearing during which both

parties presented their respective arguments.  In May 2003, the

bankruptcy court issued a memorandum opinion in which the Trustee

and his professionals were awarded compensation under 11 U.S.C. §

330(a), authorized under 11 U.S.C. § 503(b)(2).  The bankruptcy

court further concluded, however, that the Trustee was not entitled

to any interest under § 726(a)(5).  In its memorandum order, the

bankruptcy court cited a "majority view," which holds that a strict

application of § 726(a)(1) disallows the accrual of interest on

fees for services which have yet to be performed; instead, the

---

[1] Specifically, the Trustee's Final Report claimed interest in the amount of $295.55 on the Trustee's fees, $30.01 on the Trustee's expenses, $92.59 on the Trustee's attorney's fees, $3.74 on the Trustee's attorney's expenses, and $51.47 on the Trustee's accountant's fees, for a total interest amount of $473.36.

3

interest on the trustee's fees accrues from the date of the award.[2] The bankruptcy court also noted the "minority view," which compels a strict application of the plain language of the applicable statutory provisions. The minority view holds that § 726(a)(1) simply means what it says: interest must be paid on the trustee's compensation and expenses from the date of the filing of the petition.

After discussing both views, the bankruptcy court concluded that it could not fully agree with either position and instead developed a third view, which holds that § 726(a)(1) precludes the recovery of interest on administrative fees and expenses altogether. Specifically, the bankruptcy court determined that interest under § 726(a)(1) was only recoverable for creditors who submitted claims against the estate — not by administrators of the estate who are awarded compensation and fees for their work in settling the bankruptcy estate. The district court agreed, affirming the decision of the bankruptcy court on appeal. The district court determined that interest is not payable on administrative claims that arise during pendency of a Chapter 7 bankruptcy case for which no proof of claim is filed, even though a surplus exists. The Trustee timely filed the instant appeal.

---

[2] As discussed infra, only two circuit courts, the Ninth and the Eleventh Circuits, have addressed this issue, both of which have adopted the majority view. See In re Glados, Inc., 83 F.3d 1360, 1366 (11th Cir. 1996); In re Riverside-Linden Inv. Co., 945 F.2d 320, 323-24 (9th Cir. 1991).

4

**DISCUSSION**

**Whether the district court erred in determining that 11 U.S.C. § 726(a)(1) precludes the recovery of interest for administrative fees and expenses.**

We review <u>de</u> <u>novo</u> the district court's statutory interpretation of 11 U.S.C. § 726(a). See <u>United States v. Phillips</u>, 303 F.3d 548, 550 (5th Cir. 2002).

As a preliminary matter, it should be noted that the application of § 726(a)(5) arises only in cases where there are assets remaining in the debtor's estate after all appropriate distributions have been made under § 726(a)(1)-(4). See <u>In re Vogt</u>, 250 B.R. 250, 266 (Bankr. M.D. La. 2000).

Section 726(a)(5) specifically provides that "property of the estate shall be distributed . . . in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1)." 11 U.S.C. § 726(a)(5). Paragraph (a)(1) gives priority to the "payment of claims of the kind specified in . . . section 507 of this title, proof of which is timely filed under section 501." <u>Id.</u> § 726(a)(1), (a)(2)(A). Section 507, in turn, refers to administrative expenses under § 503(b). <u>Id.</u> § 507(a)(1). Section 503(b) allows administrative expenses for "compensation and reimbursement awarded under section 330(a) of this title." <u>Id.</u> § 503(b)(2). Finally, § 330(a) provides that "the court may award to a trustee, an examiner, a professional person . . . reasonable compensation for actual,

necessary services rendered . . . and reimbursement for actual, necessary expenses."[3]  Id. § 330(a)(1)(A)-(B).

In a case of first impression in this Circuit, the precise issue we are faced with is whether § 726(a)(5) entitles a trustee to interest on his compensation and reimbursement award, and if so, at what point such interest begins to accrue.  To better understand the nature of the controversy, we begin with a survey of the case law that has developed in this area.

A.   The Majority View

As the bankruptcy court notes, and as described in note 2 supra, the issue of when interest on administrative fees and expenses arises has been considered by only two courts of appeals — the Ninth and the Eleventh Circuits.  Both courts conclude that the better rule is to allow such fees and expenses to accumulate interest from the date the bankruptcy court awards the trustee his fees and expenses.  The Ninth Circuit, in In re Riverside-Linden Investment Co., 945 F.2d 320 (9th Cir. 1991), states:

> The provision which defines [trustee]'s fees as a compensable administrative expense, Section 503(b), refers to "compensation and reimbursement awarded under section 330." . . . It is not until the fees have been awarded by the bankruptcy court pursuant to Section 330, therefore, that they become an administrative expense entitling them to treatment as a claim under Section 726(a)(5).

---

[3] An award under § 330(a) is subject to the limitation provided in § 326, which caps a trustee's compensation by means of a percentage formula applied to the actual amounts disbursed to the estate's claimants.  11 U.S.C. § 326(a).

6

Id. at 324.

The Eleventh Circuit followed another line of reasoning in bolstering the majority view, noting that to award interest to the trustee at the time the debtor initially files the petition is contrary to the purpose of 11 U.S.C. § 326, which sets limits on the amount of trustee compensation. In re Glados, 83 F.3d 1360, 1365 (11th Cir. 1996). Specifically, the court determined that because the trustee is paid based on the distribution to creditors, and because the trustee earns fees on the interest paid on creditors' claims pursuant to § 326(a), a trustee could delay final distribution, allow the interest earned on assets converted to cash to accumulate in escrow, and earn a fee on the distribution of those assets (which now include earned interest) in satisfaction of claims and as part of his compensation petition for interest on his fee under § 726(a)(5). See id. The Eleventh Circuit concluded, therefore, that to allow the trustee to delay the conclusion of settling the estate, while simultaneously collecting additional monies for doing so, would frustrate Chapter 7's purpose of efficiently administering the liquidation of the estate for the benefit of creditors. Id.

Recognizing that the "majority rule" diverges from the plain language approach to statutory construction, the Eleventh Circuit nevertheless reasoned that such a divergence is permissible "in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intent of its

7

drafters." Id. at 1366 (alteration in original) (citation and internal quotation marks omitted). "Allowing interest to accrue prior to actual awards is contrary to the remainder of the statutory scheme, as well as to the case law interpreting it." Id.[4]

B.    The Minority View

The minority view simply involves applying the plain language of the relevant statutory provisions. Accordingly, the minority view holds that interest must be paid on the trustee's fees and expenses "from the date of the filing of the petition." See 11 U.S.C. § 726(a)(5).

In In re Smith, 267 B.R. 770 (Bankr. W.D. Tex. 2001), the bankruptcy court concluded that trustees are entitled to interest on their commissions and expenses from the date the bankruptcy petition is filed. Id. at 772-73. Likewise, in Vogt, the Louisiana bankruptcy court held that § 726(a)(5) is unambiguous and thereby

_____

[4]    Importantly, we observe that the majority view adopted by the Ninth and Eleventh Circuits is distinguishable from the instant case because it involves the interpretation of § 726(a)(1) before the statute was amended in 1996 into its current version. The pre-amendment version of § 726(a)(1) provided that:
    [P]roperty of the estate shall be distributed--
        (1) first, in payment of claims of the kind
        specified in, and in the order specified in,
        section 507 of this title . . . .
11 U.S.C. § 726(a)(1) (1994). Conspicuously absent from the pre-amendment language is the reference to the provision granting priority to section 507 claims, "***proof of which is timely filed under section 501***." 11 U.S.C. § 726(a)(1) (2003) (emphasis added). As discussed infra, the addition of this provision necessarily affects our analysis here.

8

authorizes accrual of interest on a trustee's claim immediately upon the petition's filing. 250 B.R. at 283-84. The court there, however, tempered its decision, recognizing that its holding "will place us in the unenviable position of having created a one-court-strong minority view, in conflict with a majority view (that trustee compensation claims are not entitled to interest from the petition date), strongly held by courts from all levels (bankruptcy to circuit)." Id. at 253. The Vogt decision was premised on the idea that the process of submitting a trustee's final report to the bankruptcy court for compensation is, in fact, a "claim" payable under § 726(a)(1). As will be discussed infra, whether or not such a report satisfies the claim requirements of § 507 is a matter over which there is much contention.

C.   The Decisions Below

As previously stated, while most courts have addressed when interest on administrative fees and expenses are recoverable, in this case the bankruptcy court determined (and the district court agreed) that the more pertinent issue is whether interest on such fees and expenses is proper at all. For the reasons discussed below, we find the reasoning employed by both the bankruptcy court and the district court to be persuasive.

The basic theory underlying the holding reached by the lower courts here is: While § 726(a)(5) allows for the payment of interest from the date of filing on any claim paid under paragraph (1) of § 726(a), paragraph (a)(1) refers to payment of section 507

claims, "***proof of which is timely filed under section 501***." 11 U.S.C. § 726(a)(1) (emphasis added). The fact that § 501(a) specifically addresses the filing of proofs of claims by <u>creditors</u> and proofs of interest by <u>equity security holders</u> necessarily excludes trustees from recovering interest on their compensation and reimbursements. <u>Id.</u> § 501(a).

A trustee is not a "creditor" as that term is defined by the Bankruptcy Code because a trustee does not have "a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." <u>Id.</u> § 101(10)(A). The Trustee concedes this point, acknowledging that, in his capacity as a trustee, he did not hold a pre-petition claim. And, as the district court noted, "[a]lthough § 726(a)(1) at first seems to include [administrative fees and expenses] by its reference to claims of the kind specified in § 507, they are winnowed out by the reference to § 501, because they are not of the kind proof of which is timely filed under § 501 for pre-petition claims by creditors." <u>In re Reed</u>, 312 B.R. 832, 839 (N.D. Tex. 2004) ("<u>Reed II</u>").[5] Nor is a

<hr>

[5] Admittedly, the Bankruptcy Code's reference to "administrative expenses" under § 507 is not necessarily exclusive of the term "claim," and § 726(a)(5) specifically refers to "a claim allowed under section 503(b)." <u>In re Reed</u>, 293 B.R. 698, 701 (Bankr. N.D. Tex. 2003) ("<u>Reed I</u>") (citation and internal quotations omitted). In fact, the bankruptcy court cites <u>In re Vogt</u> as providing additional examples in the Code where references are made to administrative "claims" under § 507(a)(1) and § 503(b). <u>Id.</u> Nevertheless, taking into account the fact that § 726(a)(5) expressly refers to claims under § 507 as claims for which proof is "timely filed under section 501 of this title," and that § 501

10

trustee an "equity security holder," which is defined as a "holder of an equity security of the debtor."[6]  11 U.S.C. § 101(17).

The interpretation of § 726(a) adopted herein draws support from the Second Circuit's decision in In re Klein Sleep Products, Inc., 78 F.3d 18 (2d Cir. 1996).  The court there was faced with interpreting § 502(a), which addresses the allowance of filed claims.  Section 502(a) provides that "[a] claim or interest, **proof of which is filed under section 501 of this title**, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a) (emphasis added).  The Second Circuit interpreted the language of the provision (which is virtually identical to the statutory language in § 726(a)(1)) as expressly precluding administrative expenses, noting that § 501 specifically relates to pre-petition claims.  In re Klein, 78 F.3d at 28.  The court

---

specifically makes reference to claims filed by a "creditor," trustees and other professionals who participate in the eventual distribution of the debtor's estate (and whose compensation and expenses arise <u>after</u> the filing of the bankruptcy petition) are necessarily eliminated as holders of "claims."  Id. (citations omitted).

[6] The Code defines an "equity security" as:

**(A)**  share in a corporation, whether or not transferable or denominated "stock", or similar security;
**(B)**  interest of a limited partner in a limited partnership; or
**(C)**  warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16).

11

further observed that administrative expenses are recoverable through § 503.  Id.

The Trustee argues that by removing trustees from the entities eligible to receive distribution of the debtor's estate under § 726(a), this Court would, in effect, eliminate the vehicle through which trustees receive their administrative fees and expenses. However, in In re Van Gerpen, 267 F.3d 453 (5th Cir. 2001), this Court distinguished between distribution to creditors and disbursements to trustees and their hired professionals.  The Court determined that "while the payments made on account of compensation and other administrative expense applications must be accounted for, it is not necessary that they be claims paid within the final distribution."  Id. at 456 (citing In re Vogt, 250 B.R. at 282). Disallowing trustees to recover under § 726(a) does not leave them without a means to ultimately receive the monies they are due. Instead, the fees and expenses sought by trustees in bankruptcy proceedings are clearly allowed under § 503(b)(2), with payment authorized by § 503(a).[7]  See 11 U.S.C. § 503(b)(2) (providing that administrative expenses shall be allowed for "compensation and reimbursement awarded under section 330(a) of this title"); id. § 503(a) ("An entity may timely file a request for payment of an administrative expense . . . .").

Additionally, we conclude that to interpret § 726(a) as urged

---

[7] Neither § 503(b)(2) nor § 503(a) provides for the recovery of interest.

12

by the Trustee (and followed by the minority view) would produce results at odds with Congress's intention in drafting the legislation.[8]  The district court determined that it would "not be satisfied with a plain-meaning-of-the-language construction that yields an inequitable result, until it is convinced no equitable construction of that same language is possible." Reed II, 312 B.R. at 838 (citing Crooks v. Harrelson, 282 U.S. 55, 60 (1930) (holding that "interpretations of a statute which produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available")).  To preclude recovery of all interest on a trustee's compensation and administrative expenses is no more untenable a result than that reached by the minority view, which reading "allows for interest to accrue on services before they are rendered or expenses before they are incurred."  Reed II, 312 B.R. at 839.

## CONCLUSION

Having carefully reviewed the entire record of this case, and having fully considered the parties' respective briefing and arguments, we find no reversible error in the district court's memorandum opinion.  We therefore **AFFIRM** the final judgment of the district court essentially for the reasons stated in its order.

---

[8] We further note that nothing in the 2005 Bankruptcy Reform Act recently passed by the United States Senate affects our interpretation of § 726.  See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, S. 256, 109th Congress (2005).