**Richard F. CLIPPARD, Appellant,**

v.

**Samuel K. CROCKER, Appellee.**

**Civil No. 1:07–0065.**

United States District Court,
M.D. Tennessee,
Columbia Division.

Jan. 7, 2008.

Beth Roberts Derrick, Office of the U. S. Trustee, Nashville, TN, for Appellant.

Samuel Kenneth Crocker, Crocker & Niarhos, Nashville, TN, for Appellee.

### MEMORANDUM and ORDER

ALETA A. TRAUGER, District Judge.

This is an appeal from the decision of United States Bankruptcy Judge Harrison on a summary judgment motion in the Chapter 7 case, *In re Edgin*, 101–09738. The decision granted the panel trustee's motion seeking to be paid interest under 11 U.S.C. 726(a)(5) on his compensation and on his attorney's fees and expenses. For the reasons stated herein, the decision of the Bankruptcy Court is **REVERSED.**

#### Background

Patrick Joseph Edgin ("Debtor") filed a Chapter 7 petition on August 31, 2001.[1] Samuel Crocker, the Appellee here, was appointed the Chapter 7 trustee ("Trustee") on September 4, 2001. The Trustee is a member of the law firm of Crocker & Niarhos, which firm was appointed attorney for the Trustee to prosecute an adversary proceeding regarding the partition of property. The adversary action was ultimately settled for the benefit of the bankruptcy estate.

By Order entered February 2, 2006, Crocker & Niarhos was paid attorney's fees and expenses. On March 30, 2006,

---

1. All references and citations to 11 U.S.C. 101 *et seq.* are to the version of the Bankruptcy Code effective on the date of the filing of the petition.

the Trustee submitted his Final Report, showing that estate funds were insufficient to pay all creditors in full; the report was approved on May 30, 2006. On June 5, 2006, the Trustee was paid his trustee compensation. When funds were later refunded to the estate by the Internal Revenue Service, the Trustee filed a Supplemental Final Report on October 30, 2006, indicating that all creditors would be paid in full and that a surplus was due the Debtor. Within the Supplemental Final Report, the Trustee sought payment of interest on his compensation and on his attorney's fees and expenses. The U.S. Trustee filed an objection. After argument on cross motions for summary judgment, the Bankruptcy Court overruled the objection of the U.S. Trustee and allowed the payments of interest. The U.S. Trustee filed a timely appeal to this court of that ruling.

### Standard of Review

■ This court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). 28 U.S.C. § 158(a) (2005). In hearing an appeal from a bankruptcy court's order, the district court reviews the bankruptcy court's findings of fact for clear error and the court's conclusions of law *de novo*. *Rembert v. AT & T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir.1998), *cert. denied*, 525 U.S. 978, 119 S.Ct. 438, 142 L.Ed.2d 357 (1998); *see also In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). There are no disputed questions of fact on this appeal.

The question presented on review is whether the Trustee's compensation, and that of the attorney for the Trustee, is eligible to receive interest from the date of the filing of the petition prior to payment of surplus funds to the debtor pursuant to 11 U.S.C. § 726(a)(5).[2] As the briefs state, the question arises because § 725(a)(5) grants interest in a surplus case only to entities that have filed a proof of claim pursuant to § 501. The question of statutory interpretation presented here has not yet been considered by the Sixth Circuit Court of Appeals.

### Analysis

■ At the outset, it must be noted that Judge Harrison followed Chief Judge

---

**2.** Section 726(a) states in its entirety:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

(A) timely filed under section 501(a) of this title;

(B) timely filed under section 501(b) or 501(c) of this title; or

(C) tardily filed under section 501(a) of this title, if—

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and

(ii) proof of such claim is filed in time to permit payment of such claim;

(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

(4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, arising before the earlier of the order for relief or the appointment of a trustee, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such claim;

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

Paine's analysis in *In re Hembree*, 297 B.R. 515 (Bankr.M.D.Tenn.2002) by quoting an extended passage from Judge Paine. D.E. 1–10, pp. 7–8. Judge Paine had quoted the same passage from *In re Smith*, 267 B.R. 770 (Bankr.W.D.Tex. 2001). *In re Hembree*, 297 B.R. at 518–20 ("Finding no need to 'reinvent the wheel,' the court adopts the well reasoned opinion of Judge Leif Clark in *In re Smith* [ ]".). Unfortunately, *In re Smith* had been abrogated by the Fifth Circuit in *In re Reed*, 405 F.3d 338 (5th Cir.2005) ("*Reed*"), prior to the rulings by both Chief Judge Paine and Judge Harrison.

*In re Smith* found no conflict between § 326(a) and § 726(a)(5) because it did not fully address the implication for § 726(a)(5) of the 1994 Code amendments. In consonance with both the bankruptcy court and the affirming district court,[3] the Fifth Circuit found that only claims filed pursuant to § 501, as directed by the 1994 Code amendments, received distribution under § 726(a)(1) and that trustee compensation was not such a § 501 claim. *Reed*, 405 F.3d at 339. Therefore, because trustee compensation did not pass through § 726(a)(1), such compensation was not eligible to receive interest under § 726(a)(5). *Id.* The error in *In re Smith* is found in *In re Hembree:* failure to accord significance to the "winnowing out," *Reed*, 405 F.3d at 342, done by the reference to § 501 of § 507 priorities from the distribution scheme under § 726(a)(1). *In re Hembree*, 297 B.R. at 520 (failing to accord recognition to the presence of § 501 in § 726(a); instead holding such presence as "confusing" because the same reference is not found in §§ 726(b) or (c)).

Initially, § 326 is linked with § 726 through § 704(a)(1) and (9), because trustee compensation is based on the property of the estate that is reduced to money, as set forth in the trustee's final account and report.[4]

Next, under § 326(a), the compensation of the trustee is calculated with reference *initially in part* to "[a]ll moneys disbursed or turned over by the trustee to parties in interest...." *See In re Motley*, 150 B.R. 16, 20 (Bankr.E.D.Va.1992) (emphasis added). Lastly, applying the *remaining part* of § 326(a) to complete the § 326(a) calculation requires *excluding* the amount of any moneys turned over or disbursed to the debtor from calculation of the trustee's compensation. *Id.* (emphasis added). The "parties in interest" referenced in § 326 are not within the same set of holders of § 501 "claims" addressed in § 726(a), because "parties in interest" under § 326(a)

---

**3.** *In re Reed*, 293 B.R. 698 (Bankr.N.D.Tex. 2003) (*Reed I*); *aff'd by In re Reed*, 312 B.R. 832 (N.D.Tex.2004) (*Reed II*).

**4.** Section 326 states in relevant part:
 (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.
 And § 704 states in relevant part:
 The trustee shall—
 (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;
 · · ·
 (9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

include those who have dealt solely with the estate, and not with the debtor, and so are not restricted to receiving estate property solely under § 726. *See* § 503(b); *Reed II,* 312 B.R. at 839.

This directive of § 326(a) is important for the question of whether trustee compensation is entitled to interest because it is only the presence of a surplus that invokes the application of § 726(a)(5)—the same moneys that are not available for calculation of trustee compensation and expense reimbursement under § 326(a).

█ All administrative expenses are of necessity incurred post-petition and therefore cannot be classified as claims pursuant to § 501. *Reed II,* 312 B.R. at 839; *aff'd by Reed,* 405 F.3d at 342. Section 330(a) provides for the court to award compensation to the trustee. An award under § 330(a) is subject to the limitation of § 326(a) regarding the unavailability of surplus against which may be calculated a trustee's compensation. § 326(a). Importantly, trustee compensation is an administrative expense of the estate and not a claim against the debtor. § 503(b)(2). *Reed I,* 293 B.R. at 701. Just as importantly, the Code provides the right to a trustee and the attorney for the trustee to request payment for their administrative expense under § 503(a), and the court is to order payment for the same under § 503(b)(2). *Reed,* 405 F.3d at 343; *In re St. Joseph Cleaners, Inc.,* 346 B.R. at 436–37.

The Trustee concedes that the Sixth Circuit has not yet addressed the issue of whether § 726(a)(5) authorizes interest on trustee compensation in a surplus case. D.E. 4, p. 5. However, the Trustee contends that *Specker Motor Sales Co. v. Eisen,* 393 F.3d 659 (6th Cir.2004) presents an analogy for determining that the interest provision of § 726(a)(5) is not constrained by the trustee compensation limitation contained in § 326(a). In *Specker Motor,* after the case had converted from Chapter 11 to Chapter 7, the bankruptcy court ordered the Chapter 11 counsel to disgorge part of his retainer, which the bankruptcy court had authorized as interim compensation, in order to treat other parties seeking pro rata administrative expense compensation as required under § 726(b). Both the district court and the Sixth Circuit affirmed. 393 F.3d at 661.

The Trustee interprets *Specker Motor* to show that there is some working interrelation between § 330(a)(5) and § 726(b). D.E. 4, p. 9. The argument appears to be that, because § 330(a)(5) requires disgorgement of any interim compensation awarded pursuant to § 331 that exceeds what would be awarded under § 330(a)(1) as a final allowance, and because § 726(b) mandates pro rata distribution in a non-surplus case, then § 330 compensation must also interrelate with § 726(a)(1) so that, in the presence of a surplus, § 726(b) pro rata distribution applies presumably with respect to § 726(a)(5) interest. D.E. 4, p. 10. The Trustee further argues that it is § 726(b) that mandates disgorgement in order to achieve pro rata distribution. D.E. 4, p. 9. However, the "plain reading" approach urged by the Trustee shows that it is § 330(a)(5) that requires the "return of the excess to the estate," and not § 726(b). § 330(a)(5); § 726(b); *In re St. Joseph Cleaners, Inc.,* 346 B.R. 430, 438 (Bankr.W.D.Mich.2006).

The Trustee advances this argument to counter the Fifth Circuit's view in *Reed,* noted above. D.E. 4, p. 8. The Fifth Circuit in *Reed* noted that the distribution ranking scheme under § 726(a)(1), as applicable to cases filed after October 22, 1994, grants first rank in distribution for § 507 priorities, but only for those parties who have filed a proof of claim; in other words, only creditors are eligible for the

benefits of § 507. § 726(a)(1). *Reed,* 405 F.3d at 342. Therefore, the *Reed* court held that § 726(a)(5) interest would only apply to § 507 priorities that were pre-petition and for which a proof of claim had been filed. *Id.* at 343. The consequence, in the view of the *Reed* court, is that, while § 507(a)(1) provides first priority to administrative expenses, which include trustee compensation, those expenses are allowed pursuant to § 503(b) and not filed pursuant to § 501. *Id.* Therefore, administrative expenses are not eligible for § 726(a)(5) interest.

The *Reed* court recognized that requiring a holder of a § 507 priority to file a proof of claim would remove administrative expenses from the § 726 distribution scheme. *Id.* at 343. However, the availability of §§ 503(a) and (b) provided the "means to ultimately receive the monies they are due." *Id.* The Fifth Circuit had previously distinguished between "distribution to creditors" and "disbursements to trustees." *In re Van Gerpen,* 267 F.3d 453, (5th Cir.2001).[5] Section 503(a) provides that the trustee may apply for payment of an administrative expense and § 503(b)(2) provides that, after notice and a hearing, an award of compensation under § 330(a) may be allowed as an administrative expense. In this case, the Trustee's attorney received his administrative expense payment, which was the subject of an application under § 330 (Bankruptcy Docket No. 65) on February 2, 2006, while the Trustee's Final Report was filed on March 30.2006. D.E. 1–10, p. 5. In other words, the Trustee's attorney did not rely on § 726 for payment.

*In re St. Joseph Cleaners, Inc.* recognizes that the Bankruptcy Code both distinguishes and provides special provisions for professional fees. 346 B.R. at 436. Section § 330(a) permits an award of compensation, and the award can be no less than a judicial order permitting disbursement to the awardee. 346 B.R. at n. 10 (applying the "common, ordinary, and contemporary" meaning to "award" pursuant to *Perrin v. U.S.,* 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)). As such, there is no necessity for a § 330 award to coincide with the § 726 distribution. *Id.* at 437. *In re St. Joseph Cleaners, Inc.* criticized *Specker Motor* for the reason stated above: there is no need for a working interrelation between §§ 331, 330(a) and 726 as to disgorgement, because the sections of chapter 3 of Title 11 are sufficient to order disgorgement when warranted. 346 B.R. at 439.

In considering the working interrelation between § 330(a) and § 726(a)(5), the Ninth Circuit stated that a literal application of § 726(a)(5), that is, granting interest from the date of the petition, would make no sense when the efforts eligible for § 330(a) compensation could not yet have been performed. *In re Motley,* 150 B.R. 16, 18 (Bankr.E.D.Va.1992) (*citing Boldt v. Crake (In re Riverside–Linden Investment Co.),* 945 F.2d 320, 323 (9th Cir.1991) for the proposition that interest for attorney compensation could only be based from the date of the approval of a § 330(a) application). The Trustee relies on *In re Riverside–Linden Investment Co.* to argue against the *Reed* court's position. However, *In re Riverside–Linden Investment Co.* was decided in 1991, before § 726(a)(1) was amended in 1994.

---

**5.** Exhibit C to the Trustee's Final Report in this case is titled "Proposed Distribution to Creditors with Filed Claims, Fees Charged Under Title 28, Chapter 123, and Administrative Expenses." Administrative Expenses are listed, unnumbered, before claims, which are identified by the number assigned in the claims register. Bankruptcy Court Docket No. 71.

■ The definition of "interest," as employed in § 726(a)(5), is not commented upon in the briefs. Under the automatic stay imposed by § 362, payment as initially agreed between debtor and creditor is deferred, and so interest is assessable "to make up for the return the [creditor] would have made if money was paid in full when due." *In re Keller & Katkowsky, P.C.,* 55 B.R. 155, 156 (Bankr.E.D.Mich. 1985) (explaining the comparable right to receive interest on a past due payment as between an unpaid creditor and the government owed a past due tax payment by a debtor in bankruptcy). The Trustee offers no argument to demonstrate how the Code, other than by placing a cap on trustee compensation under § 326, could operate to render payment on an approved final application pursuant to § 330 for compensation for the trustee or the trustee's attorney past due when the filing of the Final Report, which is the *sine qua non* for the calculation of the final fee, is in the control of the Trustee. *In re St. Joseph Cleaners, Inc.,* 346 B.R. at 437. Conversely, the trustee is effectively authorized to borrow from the estate through § 331, authorizing interim compensation, and then is required effectively to repay that debt, but without interest, by § 333(a)(5), when such interim compensation exceeds what is ultimately determined to be final compensation under § 326(a). This "settling-up" of interim compensation cannot be viewed to occur within § 726, because property is returned to, not distributed from, the estate. *Id.* at 438. The foregoing observations are further support for the application of *Reed.*

The Trustee offers no argument to show why the U.S. Trustee's position—that the § 326 cap on trustee compensation is not in conflict with § 726(a)(5)—is incorrect. The Trustee's only mention of § 326 is in quoting from Judge Paine's opinion in *In re Hembree,* to wit:

Because Congress has shown it can and does specifically differentiate between particular types of claims when multiple subsections of the Code interplay, the court is further convinced that the plain language of sections 726(a)(1), 726(a)(5), 507(a)(1), 503(b), 330(a) and 326(a) mandate that the trustee is entitled to interest on his compensation in the amount sought. 297 B.R. at 520.

D.E. 4, p. 10.

That statement, first, forces the observation that, among the specific differentiations Congress has made regarding claims, are the caps placed on priority claims in § 507(a). Examples are: § 507(a)(2) (limited to § 502(f) claims arising in ordinary course); § 507(a)(3) (capping unsecured claims for wages and sales commissions); and § 507(a)(4) (limiting allowed claims for contributions to employee benefit plans). Second, no reason appears for excluding § 503(a) from a consideration of the interplay of the Code subsections relevant here. Instead, applying the dictate of *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) for a straightforward reading of the language of the relevant statutes, the court concludes both that the Code's claims scheme is no stranger to caps and limitations and that the Code provides for separate disbursement for certain expenses exclusive of the final distribution scheme for claims, as discussed above. *Reed II,* 312 B.R. at 839.

Therefore, it is clear that accepting the U.S. Trustee's argument that § 726(a)(5) is inapplicable to § 330 administrative expenses requires only recognizing: (1) that Congress has designed an interplay for the allowance and payment under § 503 of administrative expenses and that, in the case of trustee compensation, that allowance is preceded by an award under § 330

and limitation of that award under § 326; and (2) that the Code differentiates between, and provides for, disbursement or payment to certain designated parties who have provided service to the estate and distribution to those who are owed on claims against the debtor.

For the foregoing reasons the Court finds the view expressed in *Reed* to be the better one. Therefore, the decision of the Bankruptcy Court is **REVERSED** and interest is denied the Trustee and the Trustee's attorney.

It is so **ORDERED.**