# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2026

Lyle W. Cayce
Clerk

———————————

No. 25-60204

———————————

IN THE MATTER OF VCR I, L.L.C.,

*Debtor*,

DEREK A. HENDERSON,

*Appellant*,

*versus*

UNITED STATES TRUSTEE,

*Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-37

———————————————————————

Before KING, SOUTHWICK, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

A Chapter 7 trustee seeks to be paid a commission for work involving his distribution of surplus funds to an equity security holder. The United

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60204

States Trustee objected on the basis that the security holder was the "stand-in" debtor, and the Chapter 7 trustee was not entitled to a commission for payments to the debtor. The bankruptcy court sustained the objection. The district court affirmed. So do we.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, VCR I, LLC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi. The Debtor VCR was owned and operated by the Rai family. The bankruptcy court converted the case to a Chapter 7 liquidation proceeding and appointed the Appellant, Derek Henderson, as trustee over the bankruptcy estate. As trustee, Henderson had several duties. Relevant here, he was to liquidate the estate property and then close the estate. *See* 11 U.S.C. § 704(a)(1).

VCR's estate included several acres of property in Gluckstadt, Mississippi, which sold for approximately $6.8 million. A dispute among the Rai family concerning ownership of VCR resulted in an Agreed Judgment stipulating that LULU I, LLC — a Mississippi company formed by members of the Rai family in 2011 — held 100% ownership interest in VCR and was entitled to receive any and all "distribution[s] made by the Trustee to such holder." Several members of the Rai family filed proofs of claims against the estate. Those parties eventually agreed to a settlement, and the bankruptcy court entered a Settlement Order allowing only two proofs of claims, one for $1.3 million and one for $2.3 million.

After satisfying those two allowed claims, Henderson filed a proof of claim on behalf of LULU in an amount to be determined after payment of all VCR creditors. Henderson later amended that proof of claim to specify the amount payable to LULU as $2,643,066.16. In August 2021, Henderson filed a "Trustee's Final Report" seeking $269,993.75 in total compensation based on total disbursements totaling $8,224,791.60.

No. 25-60204

Among the objections to the report made by the United States Trustee, the Appellee here, was to the payment of a commission on the disbursement of $2,643,066.16.[1] As it relates to Henderson's statutory compensation as trustee, Chapter 7 provides that he shall be compensated based on all distributions to parties in interest, except those made to the debtor. *See* 11 U.S.C. § 326. According to the United States Trustee, because the distribution to LULU could only be justified if LULU stands in the shoes of VCR — as distribution of surplus funds to a debtor under Section 726(a)(6), *see In re Reed*, 405 F.3d 338, 339 (5th Cir. 2005) — the distribution to LULU cannot be included in computing Henderson's commission.

The bankruptcy court sustained the objection, concluding that because the "effect of the Settlement Order was to make LULU the stand in for VCR," the final disbursement to LULU fits only within the category of payments under Section 726(a)(6), a provision the bankruptcy court stated was for "the return of equity to the debtor." The District Court for the Southern District of Mississippi affirmed and denied Henderson's motion for rehearing. *See* 28 U.S.C. § 158(a)(1); Fed. R. Bankr. P. 8022. Henderson timely appealed to this court.

## DISCUSSION

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *In re*

---

[1] The United States Trustee also objected to Henderson's failure to provide for interest payments to unsecured creditors pursuant to 11 U.S.C. § 726(a)(5). The bankruptcy court sustained this objection. No error is alleged as to that ruling.

*ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011). Conclusions of law are reviewed *de novo* while findings of fact are reviewed for clear error. *Id.* at 601.

Section 326(a) provides for compensation to a Chapter 7 trustee:

> In a case under chapter 7 . . . the court may allow reasonable compensation . . . for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee *to parties in interest, excluding the debtor*, but including holders of secured claims.

11 U.S.C. § 326(a) (emphasis added). A different provision sets out the priority of payment when distributing the estate in a Chapter 7 liquidation:

> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title . . . ;
>
> (2) second, in payment of any allowed unsecured claim . . . ;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title . . . ;
>
> (4) fourth, in payment of any allowed claim, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages . . . ;
>
> (5) fifth, in payment of interest . . . on any claim paid under paragraph (1), (2), (3), or (4) of this subsection.

11 U.S.C. § 726(a)(1)–(5). After all property has been distributed according to subsections (a)(1)–(5), the remaining "surplus" shall be distributed: "sixth, to the debtor." § 726(a)(6); *see Reed*, 405 F.3d at 340. Distributions made by a trustee under Chapter 7 *must* follow in this order. *See Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 457 (2017).

No. 25-60204

First, we agree with the bankruptcy court and district court that LULU is an "equity security holder."[2] Section 726, however, makes no mention of disbursements made to equity security holders. *See* 11 U.S.C. § 726(a). Instead, it mandates that estate property *shall* be distributed first as a payment in satisfaction of, or interest on, a "claim," *see* § 726(a)(1)–(5), and second, as a payment "to the debtor," *see* § 726(a)(6). Here, LULU does not squarely fit within either camp. All parties agree that LULU is not the Debtor. *See* 11 U.S.C. § 101(13). Similarly, LULU *cannot* be a creditor because its "claim against the debtor" arose in the Agreed Judgment — well after "the order for relief concerning the debtor."[3] *See* § 101(10)(A) (defining "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor").

After all payments were made to VCR's creditors under Section 726(a)(1)–(5), the remaining surplus was statutorily required to be paid to the Debtor, VCR. *See* 11 U.S.C. § 726(a)(6). By then, VCR had been dissolved. The disbursement was made to LULU pursuant to the Agreed Judgment, which provided "final distribution of the estate funds to LULU," and pursuant to the Settlement Order, which stated that the "funds remaining in [VCR] after payment of all claims against the estate, which will be subordinated payment to [LULU], shall be placed in escrow."

So, while LULU is not a "debtor" *per se* under Section 726, it functions as one here in the actual debtor's absence. According to the Agreed Judgment and the Settlement Order, it is to receive all disbursements to

---

[2] An "equity security holder" is a "holder of an equity security in the debtor." 11 U.S.C. § 101(17). Accordingly, "equity security" is defined as: (1) a share in a corporation; (2) the interest of a limited partner in a limited partnership, or (3) a warrant or right to purchase, sell, or subscribe to such a share or interest. § 101(16)(A).

[3] Additionally, Henderson admitted in the bankruptcy proceedings that, other than its ownership in the Debtor, LULU has no other connection with the case.

No. 25-60204

which VCR would have been entitled. Therefore, we conclude — consistent with the bankruptcy and district courts — that LULU is the functional and practical equivalent of the debtor, only for the limited and agreed purpose of receiving surplus funds otherwise belonging to the debtor, so that the bankruptcy case may be closed. Accordingly, the Chapter 7 trustee is not entitled to compensation for that disbursement.

Henderson argues that he may be compensated for that disbursement because LULU is a "party in interest" under Section 326. True, Section 326 allows reasonable compensation "upon all moneys disbursed . . . by the trustee to the parties in interest." 11 U.S.C. § 326(a). Assuming, *arguendo*, that the phrase "parties in interest" is ambiguous with respect to which "parties" the Code is referencing, we resolve such ambiguities in the context of other, similar statutes. *See City of Chicago v. Fulton*, 592 U.S. 154, 159 (2021). Read together with Section 726(a), "parties in interest" *must* refer only to "claimholders" and the "debtor," because the trustee is mandated to make disbursements to those parties. *See* 11 U.S.C. §§ 326(a), 726(a).

Henderson's other arguments are similarly unpersuasive. First, he contends that the United States Trustee's objection in the district court and arguments here place an impermissible limitation on the compensation of a Chapter 7 trustee. This argument is rooted in this court's holding that compensation under Section 362 is "presumptively reasonable" and only to be reduced in extraordinary circumstances. *See In re JFK Cap. Holdings, LLC*, 880 F.3d 747, 753 (5th Cir. 2018). Our holding today explains an existing limitation under the statute. It does not create one.

Lastly, Henderson argues that LULU's interest arises under Section 510. *See* 11 U.S.C. § 510. That provision is an exception to Section 726's priority scheme. It provides for the enforcement of subordination agreements and the court's authority to order equitable subordination. *See*

6

No. 25-60204

*id.*; *see also In re SI Restructuring, Inc.*, 532 F.3d 355, 360 (5th Cir. 2008) (discussing equitable subordination under Section 510(c)). While we acknowledge the general ability to subordinate a claim under Section 510, LULU had no claim to subordinate. Its *only* interest in the proceedings arose pursuant to the Agreed Judgment.[4] *See Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 525 (5th Cir. 2004) (holding that "claims" do not include a right to payment based on an equity security).

AFFIRMED.

---

[4] We also reject Henderson's contention that "all interested parties elected to give LULU a subordinated claim." Assuming "interested parties" is meant to refer to VCR, we fail to understand in what situation a *debtor* would have a claim to give. If, instead, "interested parties" is intended to mean the Rai family, we agree with the United States Trustee that Henderson raises this argument for the first time on appeal. Nevertheless, when reviewed *de novo*, the argument otherwise fails as Henderson drastically mischaracterizes the parties' Settlement Order on appeal, and contradicts his earlier assertion to the bankruptcy court that LULU's claim had not "been acquired from someone else."

No. 25-60204

HAYNES, *Circuit Judge*, dissenting:

I respectfully dissent. I agree with the majority opinion that LULU is NOT the debtor and that the compensation can be made based on all payments *except* to the debtor. Thus, because 11 U.S.C. § 326(a) very clearly says *THE* debtor (emphasis added), the denial of being able to allow Trustee Henderson to receive a percentage from what was paid to LULU is wrong. The debtor is the entity that filed this bankruptcy and went through that arena. That is very different from LULU who is not a debtor and has not been having those problems which makes an entity need to be a bankrupt debtor. Accordingly, I would remand to allow the consideration of applying a percentage to Trustee Henderson for what was given to LULU.